BURDICK, Chief Justice.
This appeal arose from the Twin Falls County district court’s denial of Dameniel Owens’s motion for credit for time served. In that denial, the district court specified that Owens would only receive credit for his prejudgment time served in a county jail on one of his eight counts of issuing a check without funds. Owens argues that Idaho Code section 18-309 plainly and unambiguously requires the district court to credit his prejudgment time served to each of his eight counts. Owens contends that we should overrule State v. Hoch, 102 Idaho 351, 630 P.2d 143 (1981), because in that case the Court improperly went beyond the statute’s plain meaning to hold that the legislature intended a defendant could not receive credit for each separate crime. We overrule State v. Hoch, vacate the district court’s order denying Owens’s motion for credit for time served, and remand.
I. FACTUAL AND PROCEDURAL BACKGROUND
Owens pled guilty to eight counts of issuing a check without funds. On December 17, 2012, the Twin Falls County district court sentenced Owens to unified terms of fifteen months in prison with six months fixed for each charge. The court ordered the eight counts to run consecutively to each other and concurrently with one count of grand theft in Ada County. The court ordered that Owens would receive credit against his sentence for time previously served.
*3 Owens filed a motion for credit for time served. In that motion, Owens specified that he only received credit for prejudgment time served on one of the eight counts of issuing a check without funds. Owens argued that he should have received this credit on each one of the eight counts. Owens acknowledged that Idaho Supreme Court precedent in State v. Hoch held that time served would not be credited for each count. However, he asked the district court to reject Hoch as “manifestly wrong, unjust, or unwise” and credit him his prejudgment time served for each of the eight counts he pled guilty to.
The district court denied Owens’s motion on May 22, 2013, noting that Owens would receive credit for time served only on one count of issuing a check without funds. Owens timely appealed.
II. STANDARD OF REVIEW
We exercise free review over statutory interpretation because it is a question of law. State v. Dunlap, 155 Idaho 345, 361, 313 P.3d 1, 17 (2013). Our objective when interpreting a statute is “to derive the intent of the legislative body that adopted the act.” Id. (quoting State v. Schulz, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Statutory interpretation begins with the statute’s plain language. Dunlap, 155 Idaho at 361, 313 P.3d at 17. This Court considers the statute as a whole, and gives words their plain, usual, and ordinary meanings. Id. When the statute’s language is unambiguous, the legislature’s clearly expressed intent must be given effect, and we do not need to go beyond the statute’s plain language to consider other rules of statutory construction. Id. at 361-62, 313 P.3d at 17-18.
III. ANALYSIS
A. Idaho Code section 18-309 allows a defendant to receive credit on multiple charges for prejudgment time served and therefore requires this Court to overrule State v. Hoch.
Idaho Code section 18-309 governs sentencing credit for pre- and postjudgment time served. That statute states:
In computing the term of imprisonment, the person against whom the judgment was entered, shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.
I.C. § 18-309. This appeal focuses on Idaho Code section 18-309’s first sentence, which governs credit for prejudgment time served. That part of the statute requires courts to give a person credit on his sentence for the time he served in jail before he was convicted of or pled guilty to his crime. Law v. Rasmussen, 104 Idaho 455, 457, 660 P.2d 67, 69 (1983).
This Court has interpreted Idaho Code section 18-309 as prohibiting a court from crediting prejudgment confinement towards more than one count of a concurrent sentence. State v. Hoch, 102 Idaho 351, 630 P.2d 143 (1981). In Hoch, a defendant argued that he should have been credited 383 days he spent in prejudgment confinement on each of his two consecutive sentences. Id. at 352, 630 P.2d at 144. The Court stated:
A statute is to be construed in consideration of the reason for the statute, its object and purpose and thereby ascertain and render effective the legislative intent. We hold that the purpose of I.C. § 18-309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction. We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes.
Id. (internal citations omitted). Subsequent Idaho Court of Appeals cases have addressed this issue and applied Hoch’s reasoning. See State v. Hernandez, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct.App.1991) (holding that *4 Idaho Code section 18-309 does not allow the defendant to receive credit for more time than he has actually been in confinement); See also State v. Vasquez, 142 Idaho 67, 69, 122 P.3d 1167, 1169 (Ct.App.2005) (holding that “where two or more charges form multiple bases for the defendant’s presentence confinement, the defendant is entitled to credit against each sentence imposed on those charges as long as the credit would not be duplicative”).
Owens argues that Idaho Code section 18-309 is unambiguous and has only one reasonable interpretation: that a defendant receives credit for prejudgment time served on each sentence for each count. The State contends that Owens asks for credit for more time than he actually spent in prejudgment confinement by multiplying his time by the number of sentences. The State argues this Court should reject Owens’s interpretation and continue to follow Hoch because it ensures that a defendant receives credit for time actually served before the court entered a judgment, but not more.
1. Idaho Code section 18-309’s plain language is unambiguous.
Idaho Code section 18-309’s language plainly gives credit for prejudgment time in custody against each count’s sentence. The statute does not limit that credit in any way. First, Idaho Code section 18-309 mandates that a court gives a defendant credit for his time served because the statute states that a person “shall” receive credit. Second, section 18-309 specifies that a person “shall receive credit in the judgment for any period of incarceration prior to entry of judgment ...” I.C. § 18-309 (emphasis added). The statute continues to provide that a defendant gets the credit only on a requirement that incarceration was for “the offense or an included offense for which the judgment was entered.” The statute has a mandatory directive that specifically conditions credit for time served on the fact that the incarceration was for “the offense” for which the judgment was entered. While the word “offense” is singular, the phrase “if such incarceration was for the offense or an included offense for which the judgment was entered” simply describes the type of incarceration that a defendant gets credit for. This indicates that as long as the defendant’s prejudgment jail time was for “the offense” the defendant was convicted of and sentenced for, the court gives the defendant that credit. If the legislature had delineated credit for incarceration for “each case” or another description other than “the offense,” the outcome would be different.
Here, Owens was incarcerated before trial. He was in jail for multiple counts of issuing a check without funds before he pled guilty. After Owens was convicted, the court sentenced him for eight different offenses of issuing a check without funds. Thus, he gets credit for the prejudgment time he served on each of the eight separate offenses. We hold Idaho Code section 18-309’s plain language unambiguously states that a defendant receives credit for time served on each of his offenses, whether to be served concurrently or consecutively.
Consecutive sentences are served in order, and one sentence does not begin until the other sentence ends. For example, a defendant sentenced to 100 days consecutively for eight counts will serve 800 days in jail. However, if that defendant served 50 days in jail before he was convicted of the eight counts, he gets 50 days credit for each of those 100 day sentences. He then has 50 days left to serve on the first count. When that time is served, he has 50 days left to serve on the second count. And so it continues for each count in the judgment. However, when a defendant is sentenced to a concurrent sentence, he serves all his sentences at the same time. That means that if he is sentenced to 100 days for eight counts, he will serve 100 days total for all eight counts. If that defendant gets 50 days of prejudgment credit, he will get that credit towards all eight counts at the same time. He will then only serve 50 more days in jail. This is how the statute’s plain language requires courts to apply credit for time served.
2. Hoch was incorrectly decided and manifestly wrong.
Stare decisis requires that this Court follows controlling precedent unless that *5 precedent is manifestly wrong, has proven over time to be unjust or unwise, or overruling that precedent is necessary to vindicate plain, obvious principles of law and remedy continued injustice. State v. Grant, 154 Idaho 281, 287, 297 P.3d 244, 250 (2013). The State argues that Owens failed to show any of these circumstances are present.
However, the Court’s reasoning in Hoch incorrectly looked at legislative intent when Idaho Code section 18-309 is unambiguous. Indeed, the Court never even mentioned whether it found the statute unambiguous. Hoch, 102 Idaho at 352, 630 P.2d at 144. The Court stated, “the purpose of I.C. § 18-309 is clearly to give a person convicted of a crime credit for such time as he may have served prior to the actual sentencing upon conviction.” Id. The Court further reasoned that the legislature did not intend that a person convicted of consecutive sentences could have his “credit pyramided simply because he was sentenced to consecutive terms for separate crimes.” Id.
The fact that Hoch overlooked the statute’s plain language is manifestly wrong. “We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature.” Verska v. Saint Alphonsus Reg’l Med. Ctr., 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) (quoting City of Sun Valley v. Sun Valley Co., 123 Idaho 665, 667, 851 P.2d 961, 963 (1993)). At the time of the Hoch decision, the Court could only go beyond a statute’s unambiguous plain meaning when “a literal reading of a provision will work an unreasonable or absurd result....” Hoch, 102 Idaho at 355, 630 P.2d at 147 (Bistline, J., dissenting) (quoting Eberle v. Nielson, 78 Idaho 572, 581, 306 P.2d 1083, 1088 (1957)). However, we have foreclosed the possibility that Hoch implicitly held Idaho Code section 18-309 absurd or unreasonable: “we have never revised or voided an unambiguous statute on the ground that it is patently absurd or would produce absurd results when construed as written, and we do not have the authority to do so.” Verska, 151 Idaho at 896, 265 P.3d at 509. Thus, Hoch erroneously relied on the statute’s legislative purpose without finding the statute was ambiguous.
Further, the Court could not have correctly found Idaho Code section 18-309’s language implicitly ambiguous. Justice Bistline’s dissent in Hoch points out two cases that clarify why holding the statute ambiguous is wrong. The Hoch majority cited Miller v. State, 297 So.2d 36 (Fla.Dist.Ct.App. 1974), to support its view of legislature’s intent. Hoch, 102 Idaho at 352, 630 P.2d at 144. However, that case was based on a Florida statute that was not similar to Idaho’s statute. The Florida statute provided: “the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence.” Hoch, 102 Idaho at 355, 630 P.2d at 147 (quoting F.S.A. § 921.161(1)). That Florida statute did not tie the defendant’s time credit to his charged crimes, contrary to Idaho Code section 18-309’s requirement that a defendant “shall receive credit ... if such incarceration was for the offense or an included offense for which the judgment was entered.”
Conversely, a New York court held that prejudgment jail time could be applied to each charge when that court examined a statute similar to Idaho’s. People v. Malcolm, 44 N.Y.2d 875, 407 N.Y.S.2d 628, 379 N.E.2d 156 (1978). That New York statute provided:
The term of a definite sentence or the maximum term of an indeterminate sentence imposed on a person shall be credited with and diminished by the amount of time the person spent in custody prior to the commencement of such sentence as a result of the charge that culminated in the sentence.
Hoch, 102 Idaho at 355, 630 P.2d at 147 (quoting N.Y. Penal Law § 70.30(3)). The statute tied the credit received on a sentence to the charge the defendant was originally jailed for and to the sentence imposed for that charge, which made it similar to Idaho’s statute. Hoch, 102 Idaho at 355, 630 P.2d at 147. This led Justice Bistline to comment that Malcolm was “extremely persuasive.” Id. Both the New York statute’s similarity to Idaho Code section 18-309 and the Florida *6 statute’s differences support our reading of Idaho’s statute.
We hold that (1) Idaho Code section 18-309’s language unambiguously requires courts to credit a defendant any prejudgment incarceration served on each count and (2) State v. Hoch incorrectly relied on an assumed legislative intent that conflicts with the statute’s plain language. Thus, Hoch was manifestly wrong, and we overrule Hoch to vindicate plain, obvious principles of law. We therefore hold a defendant receives credit for any prejudgment incarceration served on each of his consecutive sentences.
B. Idaho Code section 18-309 will not be applied retroactively on collateral review.
Finally, we must determine whether we will apply this decision retroactively. We explicitly adopted the retroactivity test from Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), for criminal cases on collateral review. Rhoades v. State, 149 Idaho 130, 133, 233 P.3d 61, 64 (2010); Fields v. State, 149 Idaho 399, 401, 234 P.3d 723, 725 (2010). The general rule from Teague is that our current interpretation of a new criminal procedural rule does not apply retroactively to cases already final when a new rule is announced. Teague, 489 U.S. at 310, 109 S.Ct. at 1075, 103 L.Ed.2d at 355-56; Rhoades, 149 Idaho at 139, 233 P.3d at 70. However, a new rule applies retroactively when it meets one of two exceptions: (1) the rule substantively alters punishable conduct or (2) the rule is a “watershed” rule implicating the fundamental fairness of the trial. Teague, 489 U.S. at 311, 109 S.Ct. at 1075-76, 103 L.Ed.2d at 356-57; Rhoades, 149 Idaho at 139, 233 P.3d at 70. We have explained that Teague’s approach “advances an important interest: the finality of judgments” and “generally avoids the retroactive application of a new rule of law to judgments, based upon trials that were not fundamentally unfair and had adequate truth-finding procedures, that were final when the new rule was announced.” Rhoades, 149 Idaho at 138, 233 P.3d at 69.
The threshold question in applying the Teague test is whether a case announces a new rule. See State v. Mares, 335 P.3d 487, 505 (Wyo.2014). Generally a case announces a new rule “when it breaks new ground or imposes a new obligation” on states. Teague, 489 U.S. at 301,109 S.Ct. at 1070, 103 L.Ed.2d at 349. In other words, “a case announces a new rule if the result was not dictated by precedent existing at the time the defendant’s conviction became final.” Id. (emphasis in original). We have never before interpreted Idaho Code section 18-309 as adding credit for time served to each consecutive count in a judgment. Because we are now interpreting section 18-309 in a way that was not dictated by precedent, this case announces a new rule.
We will not apply this new rule retroactively to cases on collateral review unless the rule meets one of the two exceptions articulated in Teague. Rhoades, 149 Idaho at 139, 233 P.3d at 70. The first exception requires a substantíve rule. Id. A rule is substantive when it alters the range of conduct or the class of persons that the law punishes. Schriro v. Summerlin, 542 U.S. 348, 353, 124 S.Ct. 2519, 2523, 159 L.Ed.2d 442, 449 (2004). Conversely, rules that regulate only the manner of determining the defendant’s culpability are procedural. Id. The second exception is a watershed rule implicating a criminal proceeding’s fundamental fairness. Sawyer v. Smith, 497 U.S. 227, 241-42, 110 S.Ct. 2822, 2830-31, 111 L.Ed.2d 193, 210-11 (1990). A rule is a watershed rule when it improves accuracy and alters an understanding of the bedrock procedural elements essential to a proceeding’s fairness. Id. at 242, 110 S.Ct. at 2831, 111 L.Ed.2d at 211.
This Court’s interpretation of Idaho Code section 18-309’s plain language meets neither exception. First, the statute’s plain language does not alter the class of persons or the conduct the law punishes. The statute only alters the amount of time a person spends incarcerated after the court determines he committed punishable conduct. Second, the statute is not a watershed rule implicating a trial’s fundamental fairness because defendants sentenced under the statute still received a fair plea, trial, and sentencing. The statute only affects the punishment after tri *7 al. Also, the trial court already had discretion to sentence the defendant to concurrent counts or consecutive counts. In sum, our new rule does not meet either exception. Therefore, we apply this Court’s new interpretation of Idaho Code section 18-309’s plain language only prospectively and to eases now on direct review.
IV. CONCLUSION
We overrule State v. Hoch, vacate the district court’s order denying Owens’s motion for credit for time served, and remand for proceedings consistent with this opinion.
Justices EISMANN and HORTON concur.