**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44536**

| | |
|---|---|
| In the Matter of the DOE CHILDREN, Children Under Eighteen Years of Age. ) | |
| IDAHO DEPARTMENT OF HEALTH and WELFARE, ) ) ) | 2017 Opinion No. 3 |
| ) | Filed: January 13, 2017 |
| Petitioner-Respondent, ) ) | Stephen W. Kenyon, Clerk |
| v. ) ) | |
| JANE DOE (2016-43), ) ) | |
| Respondent-Appellant. ) ) | |

Appeal from the Magistrate Division of the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Kent J. Merica, Magistrate.

Amended judgment terminating parental rights, remanded for further proceedings.

Knowlton & Miles, PLLC; Mackenzie Jo Welch, Lewiston, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Marcy J. Spilker, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

A trial for terminating the parental rights of Jane Doe and her husband, John Doe, as to three children commenced on May 10, 2016. On the following day, when the trial was not concluded, the magistrate scheduled its continuation for July 2016. The trial then continued from July 6 until July 8. At the close of trial, parties were instructed to file their closing arguments by August 12.

In a hearing held October 3, 2016, the magistrate expressed that he had experienced software failure resulting in the permanent loss of a significant amount of his written work. The

magistrate then indicated he would instead enter his findings of fact and conclusions of law on the record. He stated: "This will constitute the only record of the same. The court will not reduce the following to writing, and I'm doing that in the--for the sake of expediency for the parties." The magistrate proceeded to verbally pronounce detailed findings of fact and conclusions of law from the bench.

On the same day, the magistrate entered a written judgment terminating the parent-child relationship between Jane and John and the children. In this written judgment, aside from stating that "it is in [the children's] best interests for the parental rights . . . to be terminated," the judgment did not include any specific findings of fact or conclusions of law.

Two days after entry of this written judgment, the magistrate entered an order titled, "Amended Findings of Fact, Conclusions of Law, and Order." This order first called attention to and corrected a prior misstatement regarding the applicable statutory provision of neglect. The order also specifically incorporated by reference the magistrate's verbal findings of fact and conclusions of law pronounced on October 3. Finally, the order addressed the magistrate's failure to orally discuss and conclude one of the grounds for termination that was argued by the Department of Health and Welfare. The order included a thorough written analysis on the alleged grounds for termination, ultimately concluding the Department did not meet its burden of proof. The order concluded by stating that Jane and John's parental rights were being terminated pursuant to Counts II and III of the "Second Amended Petition for Termination," but not pursuant to Count I. The magistrate also entered a corresponding amended judgment reiterating its conclusion that termination was in the children's best interests and that the parent-child relationships were terminated.

Although the magistrate treated the termination petition of both parents as a consolidated case, Jane now timely and separately appeals the magistrate's judgment terminating Jane's parental rights. Her appeal challenges the magistrate's decision on procedural grounds as well as on the merits. John Doe appeals in a separate case.

Among other issues, Jane argues the magistrate violated her right to due process by terminating her parental rights without complying with statutory procedural requirements. Specifically, she argues that the magistrate violated the statutory mandate in I.C. § 16-2010(1) by not issuing a written order containing the findings of fact and conclusions of law. The statute at issue, Idaho Code § 16-2010(1), states, in relevant part, that "every order of the court terminating

the parent and child relationship . . . *shall be in writing* and *shall recite the findings* upon which such order is based, including findings pertaining to the court's jurisdiction." I.C. § 16-2010(1) (emphasis added).

The interpretation of a statute is an issue of law over which we exercise free review. *Aguilar v. Coonrod*, 151 Idaho 642, 649-50, 262 P.3d 671, 678-79 (2011). Such interpretation must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). It is well established that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature. *Id.* "Where statutes are not ambiguous, it is the duty of the court to follow the law as written." *Anstine v. Hawkins*, 92 Idaho 561, 563, 447 P.2d 677, 679 (1968).

Turning to the plain language of I.C. § 16-2010(1), we consider the phrase "every order of the court" to be inclusive of any court order terminating a parent-child relationship. Further, the phrases stating that the order "shall be in writing" and "shall recite the findings" establish the two attributes required of every order. *See State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015). The word "recite" means that the findings must be "state[d] formally." MERRIAM-WEBSTER DICTIONARY 1895 (3d ed. 1993). Thus, the plain language of I.C. § 16-2010(1) contains an unambiguous directive requiring courts to issue written findings as part of the termination order. Such written findings must include formal statements of the findings upon which it relied in terminating the parent-child relationship.

Neither the magistrate's original judgment nor the amended judgment and corresponding order are in compliance with the statutory mandate of I.C. § 16-2010(1). The original judgment, which effectuated the termination and stated that it was in the best interests of the children to terminate Jane's rights, was statutorily deficient because it did not include a recitation of the facts upon which the court was relying. The amended judgment and corresponding findings and order were also statutorily deficient. In the order, the magistrate attempted to incorporate its oral pronouncements by reference. Idaho Code § 16-2010(1) requires a court's order to *recite* the findings upon which the court relied in terminating the parent's rights. Because of the statute's specificity in requiring written recitation of findings, we do not consider an order's "incorporation by reference" to be the functional equivalent of a written recital.

3

Further, although the order did specify that Jane's rights were being terminated pursuant to the charges in Counts II and III, it did not recite any specific findings of fact supporting termination on those grounds. Similarly, the amended judgment recited no facts but instead merely concluded that it was in the children's best interests to terminate Jane's parental rights. We are also not persuaded by the Department's argument that the court reporter's transcription of the oral proceedings constituted a written order of the court to satisfy the statutory requirement. Therefore, none of the magistrate's orders complied with the statutory mandates of I.C. § 16-2010(1). We decline to address the merits of the issues presented on appeal.

We direct that the case be remanded to the magistrate for the expedited preparation of a written judgment containing the required findings.[1] This Court will issue a simultaneous and separate order setting forth further appellate procedures following the filing of findings of fact and conclusions of law. Each party is to bear its own costs and fees on appeal.

---

[1] The findings of fact and conclusions of law required by Idaho Code § 16-2010(1) must address the two necessary elements of every termination case. First, the findings must address whether one or more of the statutory grounds for termination have been established by clear and convincing evidence. I.C. § 16-2005(1). Second, the findings must address whether terminating the relationship is in the children's best interests. *Id.*