# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 45125

STATE OF IDAHO,                           )
                                          )
    Plaintiff-Respondent,             )
                                          )
v.                                        )
                                          )
COREY DALE YOUNG,                         )          Boise, November 2017 Term
                                          )
    Defendant-Appellant.              )
                                          )          2017 Opinion No. 117
_____ )
STATE OF IDAHO,                           )
                                          )          Filed:  November 29, 2017
    Plaintiff-Respondent,             )
                                          )          Karel A. Lehrman, Clerk
v.                                        )
                                          )
MARCO ANTONIO RIOS-LOPEZ,                 )
                                          )
    Defendant-Appellant.              )

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

District court order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, Idaho State Appellate Public Defender, Boise, for appellant. Sally Cooley, Deputy Appellate Public Defender argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Russell J. Spencer, Deputy Attorney General argued.

_____

BURDICK, Chief Justice.

This consolidated appeal from the Ada and Blaine County district courts concerns credit for time served under Idaho Code section 18-309. Marco Antonio Rios-Lopez and Corey Dale Young (collectively, Appellants) seek credit for time served under the construction of section 18-309 pronounced in *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015). The district courts denied

1

Appellants' motions, and the Court of Appeals affirmed. This Court granted Appellants' timely petitions for review, and we now affirm the orders of the district courts.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. *State v. Rios-Lopez*

In October 2001, Rios-Lopez was convicted of three counts of trafficking cocaine and three counts of failure to affix illegal drug tax stamps. On the three trafficking counts, the district court imposed a sentence of fourteen years, with seven years fixed. On the three drug tax stamps counts, the district court imposed a sentence of two years, with one year fixed. The district court ordered the sentences to run consecutively. The district court awarded 253 days of credit for time served under section 18-309 on the first trafficking count. Rios-Lopez timely appealed, "contending that there was error in the admission of evidence and prosecutorial misconduct during closing argument, and that the sentences are excessive," but the Court of Appeals affirmed in an unpublished opinion in 2003. A remittitur was issued on October 29, 2003.

Some fifteen years later, Rios-Lopez moved for additional credit for time served. He filed a *pro se* motion under Idaho Criminal Rule 35, seeking 253 days of credit on each of the remaining seven[1] counts, for an additional credit of 1,771 days. Rios-Lopez argued he was entitled to that credit under the construction of section 18-309 pronounced in *Owens*, even though his judgment of conviction had become final before *Owens* was decided. The district court concluded *Owens* did not apply retroactively and denied the motion. The Court of Appeals affirmed, and this Court granted Rios-Lopez' timely petition for review.

### B. *State v. Young*

In March 2013, Young was convicted of two counts of burglary and two counts of grand theft. On the first burglary count, the district court imposed a sentence of one year fixed. On the second burglary count, the district court imposed a sentence of nine years, with one year fixed. On the first grand theft count, the district court imposed a sentence of eight years, with one year fixed. On the second grand theft count, the district court imposed a sentence of two years, with one year fixed. The district court ordered the sentences to run consecutively. The district court awarded 94 days of credit for time served on the first burglary count. Young did not directly appeal his conviction or sentence within 42 days of the district court's judgment.

---

[1] Rios-Lopez' briefing does not clarify why he requested a credit reflecting eight counts, rather than six counts. As his opening brief states, "Mr. Rios-Lopez was sentenced to consecutive sentences on six counts . . . it is not clear why he is under the impression that he was convicted of eight counts . . . ."

In December 2015, Young moved for additional credit for time served. He filed a *pro se* motion under Idaho Criminal Rule 35, seeking 94 days of credit on each of the remaining three counts, for an additional credit of 282 days. Young argued he was entitled to that credit under *Owens*, even though his judgment of conviction had become final before *Owens* was decided. The district court concluded *Owens* did not apply retroactively and denied the motion. The Court of Appeals affirmed, and this Court granted Young's timely petition for review.

## II. STANDARD OF REVIEW

When addressing a petition for review, we give "serious consideration to the views of the Court of Appeals, but directly review[] the decision of the lower court." *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014). "This Court thus acts as if the case were on direct appeal from the district court." *State v. James*, 148 Idaho 574, 576, 225 P.3d 1169, 1171 (2010). "The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Taylor*, 160 Idaho 381, 384–85, 373 P.3d 699, 702–03 (2016) (quoting *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005)).

## III. ANALYSIS

At issue are the district courts' orders denying Appellants' Idaho Criminal Rule 35 motions seeking credit for time served under Idaho Code section 18-309 and the holding pronounced in *Owens*. The district courts in both cases held that Appellants were not entitled to relief under *Owens* because their judgments of conviction had become final before Appellants filed their Rule 35 motions.

Appellants' arguments implicate section 18-309, which provides:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

I.C. § 18-309(1).

Appellants were sentenced under the construction of section 18-309 pronounced in *State v. Hoch*, 102 Idaho 351, 352, 630 P.2d 143, 144 (1981), and thus were awarded credit for time served on just one of their counts. The *Hoch* defendant pled guilty to two charges of second

3

degree burglary. *Id.* The district court sentenced him to two five-year terms, which were to run consecutively. *Id.* The defendant requested 383 days of credit for time served under section 18-309, seeking for that credit to apply to each sentence for each count, but the district court rejected that construction of section 18-309. *Id.* This Court affirmed on appeal. *Id.* This Court, without citing the plain language of the statute, explained, "We find no intent of the legislature that a person so convicted should have that credit pyramided simply because he was sentenced to consecutive terms for separate crimes." *Id.*

Appellants do not contend they were sentenced incorrectly under *Hoch*. Rather, they seek relief under *Owens*, where, nearly 34 years after *Hoch*, this Court pronounced a different construction of section 18-309 and overruled *Hoch*. The *Owens* defendant pled guilty to eight counts of issuing a check with insufficient funds. 158 Idaho at 2, 343 P.3d at 31. The district court sentenced him to fifteen months with six months fixed on each of the eight counts, which were set to run consecutively. *Id.* The district court awarded credit for time served under section 18-309, but on just one of the eight counts. *Id.* at 2–3, 343 P.3d at 31–32. The defendant requested additional credit for time served, arguing he was entitled to credit for time served on each of the eight counts, but his motion was denied. *Id.* at 3, 343 P.3d at 32. The defendant timely appealed to this Court, raising the issue whether section 18-309 authorizes credit for prejudgment time served on each sentence for each count. *Id.* at 3–4, 343 P.3d at 32–33. This Court concluded it does and explained as follows:

> Idaho Code section 18-309's language plainly gives credit for prejudgment time in custody against each count's sentence. The statute does not limit that credit in any way. First, Idaho Code section 18-309 mandates that a court gives a defendant credit for his time served because the statute states that a person "shall" receive credit. Second, section 18-309 specifies that a person "shall receive credit in the judgment for *any* period of incarceration prior to entry of judgment . . . ." I.C. § 18-309 (emphasis added). The statute continues to provide that a defendant gets the credit only on a requirement that incarceration was for "the offense or an included offense for which the judgment was entered." The statute has a mandatory directive that specifically conditions credit for time served on the fact that the incarceration was for "the offense" for which the judgment was entered. While the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" simply describes the type of incarceration that a defendant gets credit for. This indicates that as long as the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the court gives the defendant that credit. If the legislature had delineated credit for

4

incarceration for "each case" or another description other than "the offense," the outcome would be different.

*Id.* at 4, 343 P.3d at 33; *accord State v. Brand*, 162 Idaho 189, ___, 395 P.3d 809, 812 (2017) ("It is irrelevant if the defendant's incarceration rests on several, unrelated offenses, as the fact remains that each offense provides a basis for the defendant's incarceration."). *Owens* thus overruled *Hoch*, recognizing that *Hoch* had "erroneously relied on the statute's legislative purpose without finding the statute was ambiguous." 158 Idaho at 5, 343 P.3d at 34.

*Owens* then addressed whether its holding would apply retroactively. *Owens* reasoned that it had "interpret[ed] section 18-309 in a way that was not dictated by precedent" and, thus, "announce[d] a new rule." *Id.* at 6, 343 P.3d at 35. A "new rule applies retroactively when it meets one of two exceptions: (1) the rule substantively alters punishable conduct or (2) the rule is a 'watershed' rule implicating the fundamental fairness of the trial." *Id.* (citing *Teague v. Lane*, 489 U.S. 288, 311 (1989)). As *Owens* then reasoned,

> This Court's interpretation of Idaho Code section 18-309's plain language meets neither exception. First, the statute's plain language does not alter the class of persons or the conduct the law punishes. The statute only alters the amount of time a person spends incarcerated after the court determines he committed punishable conduct. Second, the statute is not a watershed rule implicating a trial's fundamental fairness because defendants sentenced under the statute still received a fair plea, trial, and sentencing. The statute only affects the punishment after trial. Also, the trial court already had discretion to sentence the defendant to concurrent counts or consecutive counts. In sum, our new rule does not meet either exception. Therefore, we apply this Court's new interpretation of Idaho Code section 18-309's plain language only prospectively and to cases now on direct review.

*Id.* at 6–7, 343 P.3d at 35–36.

Here, Appellants are not entitled to credit for time served under *Owens*. *Owens* was decided on February 9, 2015. Rios-Lopez' judgment of conviction has a file-stamped date of October 17, 2001. He timely filed a direct appeal, "contending that there was error in the admission of evidence and prosecutorial misconduct during closing argument, and that the sentences are excessive," but the Court of Appeals affirmed in an unpublished opinion in 2003. A remittitur was issued on October 29, 2003, at which time Rios-Lopez' judgment of conviction became final by operation of Idaho Appellate Rule 38(c). Similarly, Young's judgment of conviction has a file-stamped date of March 6, 2013. Young filed no direct appeal within 42 days of the judgment's file-stamped date. His convictions therefore became final on April 18, 2013,

by operation of Idaho Appellate Rule 14(a). Accordingly, Appellants' convictions were final well before *Owens* was decided. Because *Owens* applies only prospectively and to cases on direct review as of February 9, 2015, 158 Idaho at 7, 343 P.3d at 36, Appellants are not entitled to relief under *Owens*.

Appellants counter that a "motion to correct a court's computation of credit for time served" may be made "at any time" under Rule 35(c). Appellants are correct that Rule 35(c) states: "A motion to correct a court's computation of credit for time served, granted pursuant to Idaho Code § 18-309 or 19-2603, may be made at any time." According to Appellants, because the issue of credited time may be "directly raised" at any time under Rule 35(c), the arguments here do not contravene *Owens*'s non-retroactivity analysis.

We are not persuaded. Appellants forget that they were not sentenced after *Owens* was decided. Nor were their cases pending on direct review when *Owens* was decided. Instead, their judgments of conviction were already final when *Owens* was decided. We resolved the retroactivity question in *Owens* and were unequivocally clear that its construction of section 18-309, a "new rule," would apply "only prospectively and to cases now on [*i.e.*, as of February 9, 2015] direct review." 158 Idaho at 7, 343 P.3d at 36. Merely that a Rule 35(c) motion to correct a computation of credit for time served may be filed "at any time" is beside the point. A newly-filed Rule 35(c) motion seeking credit under *Owens* in a criminal defendant's case whose conviction was already final before *Owens* was decided is not a motion asking for a prospective application of *Owens*; the motion instead asks for a retroactive application of *Owens* by seeking relief under a post-judgment construction of section 18-309, thereby contravening *Owens*'s clear non-retroactivity analysis.

Appellants are correct to further note that section 18-309 mandates an award of appropriate credit. But that argument does not assist Appellants here because the credit due Appellants was appropriately awarded under *Hoch*. The absence of error in Appellants' sentences thus belies their reliance on Rule 35(c). Rule 35(c) encompasses motions "to *correct* a court's computation of credit for time served . . . ." (emphasis added). As a result, "Idaho case law has consistently treated Rule 35(c) as a mechanism to correct a *court's computation* of the credit due to a defendant based upon objective evidence of the time he or she actually spent in confinement prior to imposition of the judgment in the case." *State v. Martin*, 159 Idaho 860, 864, 367 P.3d 255, 259 (Ct. App. 2016). However, Appellants have not proffered argument or

evidence that their sentences were erroneously calculated under the law as it existed when they were sentenced. Since Appellants have not shown the existence of error that warrants correction in the computations of their sentences, Rule 35(c) does not entitle them to relief under *Owens*.

Our reasoning finds support under federal law. In *United States v. Booker*, 543 U.S. 220, 226 (2005), the United States Supreme Court evaluated whether the Sixth Amendment to the United States Constitution prohibits a judge—rather than a jury—from determining a fact used to enhance a sentence under the United States Sentencing Guidelines. *Booker* was a consolidated appeal that arose after two district judges had found facts by a preponderance of the evidence during sentencing, facts which juries had not found when determining guilt beyond a reasonable doubt. *Id.* at 227–29. The facts the district judges found warranted sentence enhancements under the Sentencing Guidelines, which, in turn, were binding on the district judges. *Id.* at 226–27. One of the district judges, bound by the Sentencing Guidelines, sentenced the defendant in light of the additional facts found during sentencing. *Id.* at 227. But the other district judge, citing Sixth Amendment concerns, sentenced the defendant according to the facts the jury found. *Id.* at 228–29. On review, the Court held that the Sixth Amendment precludes a sentence enhancement based on the sentencing judge's determination of a fact the jury never found (aside from a prior conviction) and, therefore, excised the provisions of the Sentencing Guidelines that were mandatory and made them discretionary. *Id.* at 244–59. Having pronounced a "new rule for the conduct of criminal prosecutions," the Court instructed that *Booker*'s holding would apply to all cases "pending on direct review or not yet final." *Id.* at 268 (quoting *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

Since *Booker*, convicted criminal defendants across the country have sought writs of habeas corpus under 28 U.S.C. § 2255,[2] making arguments that arise under *Booker*, notwithstanding that their convictions were final before *Booker* was decided. These habeas petitions have been denied as foreclosed by *Booker*. *E.g.*, *In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006); *United States v. Cruz*, 423 F.3d 1119, 1121 (9th Cir. 2005); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *In re Olopade*, 403 F.3d 159, 164 (3d Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 144 (2d Cir. 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th

---

[2] Similar to Rule 35(c), habeas relief can be sought after the judgment of conviction becomes final. *See* 28 U.S.C. § 2255(f).

Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339–40 (11th Cir. 2005).

Similar to *Booker*, we clearly expressed the construction of section 18-309 pronounced in *Owens* would apply "only prospectively and to cases now on [*i.e.*, as of February 9, 2015] direct review." 158 Idaho at 7, 343 P.3d at 36. Since Appellants' judgments of conviction were final before *Owens* was decided, Appellants are not entitled to relief under *Owens*.

## IV. CONCLUSION

For the reasons explained above, we affirm the orders of the district courts.

Justices JONES, HORTON, BRODY and BEVAN, **CONCUR.**