**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43916**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Opinion No. 1** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: January 9, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JEREMY BROWN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order denying Idaho Criminal Rule 35 motion and withdrawing credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jeremy Brown appeals from the district court's order withdrawing credit for time served. Brown argues the district court erred when it denied his request for credit for time served because the district court did not give credit for prejudgment incarceration. For the reasons provided below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2009, the State charged Brown with one count of aggravated battery. At the time, Brown was incarcerated for an unrelated offense. Brown was arraigned and bond was set in early 2010. Brown did not post bond and remained incarcerated. Pursuant to Brown's guilty plea, the district court sentenced Brown to a unified term of six years, with a minimum period of

1

confinement of two years. The district court ordered the new sentence to run concurrent with Brown's existing sentence. In addition, Brown received fifty-five days of credit for time served for the period between setting bond and Brown's sentencing in the present case. Judgment was entered on May 26, 2010.

Brown did not appeal his judgment of conviction. Rather, in June 2010, Brown filed an Idaho Criminal Rule 35 motion for additional credit for time served, which was denied. In August 2010, Brown filed another Rule 35 motion for reduction of sentence, which was also denied. Brown timely appealed this denial of his second Rule 35 motion. We affirmed the district court's denial of Brown's second Rule 35 motion and issued a remittitur in July 2011. *State v. Brown*, Docket No. 38147 (Ct. App. May 23, 2011).

In December 2015, Brown filed a third Rule 35 motion for credit for time served, asking for an additional forty-four days of credit for the time he was incarcerated, representing the time from his arraignment to his sentencing in the present case.[1] Brown argued that the recent Idaho Supreme Court decision in *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015) mandated that the plain meaning of the Idaho Code § 18-309 required the court to award him credit for the time he spent incarcerated from his arrest to his sentencing, even though his incarceration during that period was due to an unrelated offense. Initially, the parties stipulated Brown was entitled to a total of ninety-nine days of credit; however, following a hearing on the motion, the district court denied Brown's request for additional credit for time served and entered an order withdrawing the credit previously granted. Brown timely appealed.

Pending appeal, Brown filed a motion to stay until resolution of petitions to the Idaho Supreme Court for review of this Court's decisions in two other cases regarding the interpretation of I.C. § 18-309. We granted Brown's motion to stay. The Idaho Supreme Court granted the petitions for review and consolidated the cases. In May 2017, the Idaho Supreme Court issued an opinion reinterpreting I.C. § 18-309. *State v. Brand*, 162 Idaho 189, 395 P.3d 809 (2017).

---

[1] On appeal, Brown argues he is entitled to 190 days, signifying the time from his arrest to his sentencing.

2

## II.

## STANDARD OF REVIEW

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Leary*, 160 Idaho 349, 352, 372 P.2d 404, 407 (2016); *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *Covert*, 143 Idaho at 170, 139 P.3d at 772. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

## III.

## ANALYSIS

Brown argues the district court erred when it denied his request for credit for time served and withdrew his previously awarded credit. Specifically, Brown argues his situation is identical to the first scenario provided by the Idaho Supreme Court in *Brand* explaining how credit for

3

time served should be awarded.[2] Brown further argues *Brand* applies to the present case because (1) *Brand* does not announce a new rule but merely clarifies a misinterpretation of the statute, and (2) this case is on direct appeal. The State agrees that, were *Brand* applicable to this case, it would be determinative. However, the State argues the Court's holding in *Brand* is not retroactive. The State also argues Brown's appeal is a collateral attack, and therefore *Brand* is inapplicable to the present case.

Idaho Code § 18-309 states in pertinent part:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

For over four decades the Idaho appellate courts have interpreted this provision in I.C. § 18-309 to limit the amount of credit for time served to periods of presentence incarceration that are attributable to the offense for which the sentence is imposed. *Brand*, 162 Idaho at 194, 395 P.3d at 814 (Brody, J. dissenting); *see, e.g.*, *State v. Beer*, 97 Idaho 684, 685, 551 P.2d 971, 972 (1976); *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct. App. 2005); *State v. Brashier*, 127 Idaho 730, 738, 905 P.2d 1039, 1047 (Ct. App. 1995); *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct. App. 1989). In *Brand*, however, the Idaho Supreme Court drew exclusively on a new interpretation of I.C. § 18-309 articulated in *Owens*, 158 Idaho at 4, 343 P.3d at 33, holding that the plain language of the statute is unambiguous and the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" includes incarceration for any prior, unrelated offense. *Brand*, 162 Idaho at 192, 395 P.3d at 812. Prior to *Brand*, I.C. § 18-309 had never been interpreted to result in the addition of credit for time served while incarcerated for an unrelated offense. Therefore, *Brand* articulated a new rule because it broke new ground such

---

[2] "**Scenario 1:** Defendant is already in custody on unrelated charges. He is served with an arrest warrant which requires defendant to post bail. Defendant does not post bail and remains in custody until sentencing. Defendant is entitled to credit from the date of service of the warrant through the date of sentencing." *Brand*, 162 Idaho at 193, 395 P.3d at 813. Here, Brown was in custody on unrelated charges when he was arrested for the instant offense on November 17, 2009. He did not post bail and remained in custody until sentencing on May 25, 2010. Under *Brand*, Brown would have been entitled to credit from November 17, 2009, to May 25, 2010, which is a period of 190 days.

that "the result was not dictated by precedent existing at the time the defendant's conviction became final." *Owens*, 158 Idaho at 6, 343 P.3d at 35.

Generally, new interpretations of criminal procedural rules do not apply retroactively to cases not on direct appeal; however, there are two exceptions. *Id.* When the Idaho Supreme Court articulates a new rule it will only apply retroactively if (1) the rule substantially alters punishable conduct or (2) the rule is a "watershed" rule implicating the fundamental fairness of the trial. *Teague v. Lane*, 489 U.S. 288, 311 (1989); *State v. Young*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Nov. 29, 2017); *Owens*, 158 Idaho at 6, 343 P.3d at 35. Neither exception applies to this case.

The plain language of I.C. § 18-309 does not change the class of persons or the conduct the law punishes. *Owens*, 158 Idaho at 6, 343 P.3d at 35. Rather, the statute merely modifies the period of time spent incarcerated after the court determines a person committed punishable conduct. *Id.* Therefore, the new interpretation articulated in *Brand* does not fall within the first exception.

Idaho Code § 18-309 does not implicate a trial's fundamental fairness because the sentence only affects the punishment after the defendant received a fair plea, trial, and sentencing. *Owens*, 158 Idaho at 6-7, 343 P.3d at 36-37. Therefore, the new interpretation articulated in *Brand* is not a watershed rule and does not fall within the second exception. Accordingly, the Court's new interpretation of the plain language of I.C. §18-309 articulated in *Brand* applies only prospectively and to cases on direct appeal of the underlying conviction.

Because *Brand* articulates a new rule that does not satisfy either exception for retroactive application, it only applies prospectively and to cases on direct appeal. *Young*, ___ Idaho at ___, ___ P.3d at ___; *Owens*, 58 Idaho at 7, 343 P.3d at 37. Although an I.C.R. 35(c) motion seeking credit for time served may be filed at any time, unless the underlying case was on direct appeal at the time the *Brand* opinion was issued, the holding in *Brand* is inapplicable. *See Young*, ___ Idaho at ___, ___ P.3d at ___. Therefore, the issue in this case is not whether Brown's case is currently on direct appeal or is a collateral challenge. Rather, the issue is whether Brown's case was on direct appeal at the time the *Brand* opinion was issued. A judgment of conviction becomes final if no direct appeal is filed within forty-two days of the file-stamp date on the judgment. *State v. Jakoski*, 139 Idaho 352, 355 n.6, 79 P.3d 711, 714 n.6 (2003). Judgment of conviction was entered on May 26, 2010. Because Brown filed no appeal, his underlying conviction became final forty-two

5

days after the file-stamp date of his conviction by operation of Idaho Appellate Rule 14(a). Therefore Brown's conviction became final on July 7, 2010, almost seven years prior to the decision in *Brand*. For Brown to obtain the benefit of the new interpretation of I.C. § 18-309, Brown's underlying case must have been pending on direct appeal when the rule was announced. It was not. Therefore, he is unable to avail himself of the holding announced in *Brand*, and the district court did not err in withdrawing previously awarded credit and denying Brown's Rule 35 motion for credit for time served.

## IV.

## CONCLUSION

The Idaho Supreme Court's interpretation in *Brand* of I.C. § 18-309 does not apply to Brown's case because his case was not on direct appeal at the time the *Brand* opinion was issued. Therefore, we affirm the district court's order denying Brown's Rule 35 motion and withdrawing credit for time served.

Chief Judge GRATTON and Judge LORELLO **CONCUR**.