# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 44464

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 365 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 21, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| COREY DALE YOUNG, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Lynn G. Norton, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Corey Dale Young appeals from the district court's order denying motion for credit for time served. He argues the district court failed to retroactively apply the credit for time served rule from *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015). The district court's order is affirmed.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Young pleaded guilty to burglary, grand theft, and eluding a police officer. He was sentenced to a determinate four-year sentence for the burglary charge, a unified fourteen-year sentence, with one year determinate, for the grand theft charge, and an indeterminate two-year sentence for the eluding a police officer charge, with the sentences running consecutively. The district court credited Young with 157 days of time already served.

Young filed a pro se motion under Idaho Criminal Rule 35(c), arguing that *Owens* required his 157 days of time served to be applied to all three of his consecutive sentences.

1

Young's motion was also filed in a separate pending criminal case. The district court denied Young's motion, holding that *Owens* did not apply retroactively to Young's case because his judgment and commitment was not on direct appeal when *Owens* was decided. Months later, the district court realized a clerical error had been made--two orders denying Young's motion had been prepared, one for each of Young's cases, but the orders were filed in the wrong cases. Although the district court's legal analysis was virtually identical in both orders, the district court issued a corrected order with the correct procedural history for this case. Young appeals.[1]

## II.

## STANDARD OF REVIEW

We exercise free review when the issue is whether the district court properly applied the law governing credit for time served. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *Id*. Whether the district court properly applied this statutory provision to the facts in this case is a question of law, which we freely review. *State v. Dorr*, 120 Idaho 441, 443-44, 816 P.2d 998, 1000-01 (Ct. App. 1991).

The awarding of credit for time served is governed by Idaho Code § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing an I.C.R. 35(c) motion for credit for time served, the court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating that I.C. § 18-309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served

---

[1]     Young's notice of appeal states he appeals from the district court's "Rule 35(c), credit for time miscalculation." Although it is unclear whether Young is appealing from the district court's original order denying his motion or the district court's corrected order, and thus the timeliness of this appeal is in question, we resolve the ambiguity in Young's favor, hold the appeal is timely, and proceed to the merits of Young's appeal.

by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

## III.

## ANALYSIS

This case can be resolved identically to Young's other case, *State v. Young*, 162 Idaho 856, 406 P.3d 868 (2017). There, the Idaho Supreme Court held that *Owens*, and its new rule requiring credit for time served to be applied to all of a defendant's charges, did not apply retroactively to Young's case. *Young*, 162 Idaho at 858-59, 406 P.3d at 870-71. The Court reasoned that:

> *Owens* was decided on February 9, 2015. . . . Young's judgment of conviction has a file-stamped date of March 6, 2013. Young filed no direct appeal within 42 days of the judgment's file-stamped date. His convictions therefore became final on April 18, 2013, by operation of Idaho Appellate Rule 14(a). Accordingly, [Young's] convictions were final well before *Owens* was decided. Because *Owens* applies only prospectively and to cases on direct review as of February 9, 2015, [Young is] not entitled to relief under *Owens*.

*Young*, 162 Idaho at 859, 406 P.3d at 871.

In this case, Young's judgment of conviction has a file-stamped date of March 5, 2013. Young filed no appeal within forty-two days of the judgment's file-stamped date. His convictions therefore became final on April 17, 2013, by operation of Idaho Appellate Rule 14(a). Accordingly, Young's convictions were final well before *Owens* was decided on February 9, 2015. Because *Owens* applies only prospectively and to cases on direct review as of February 9, 2015, Young is not entitled to relief under *Owens*. The district court's order denying Young's Rule 35(c) motion is affirmed.

## IV.

## CONCLUSION

The rule announced in *Owens* does not apply retroactively to Young's case. The district court's order denying Young's motion for credit for time served is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.

3