IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48287

| STATE OF IDAHO, | ) | |
| :--- | :--- | :--- |
| | ) | Filed: August 4, 2021 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| ELEASAR PEDROSA FRAKES, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Eleasar Pedrosa Frakes appeals from the district court's denial of his Idaho Criminal Rule 35 motion seeking credit for time served. Frakes asserts the district court erred by failing to grant him credit for time served while he was in custody for a separate offense and had not been served with the bench warrant in this case. Because the district court correctly concluded it did not have discretion to award Frakes credit for the time he was incarcerated prior to the service of the bench warrant, we affirm the district court's order denying Frakes' motion for time served.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2017, Frakes pleaded guilty to possession of methamphetamine in Canyon County. The district court imposed a unified term of incarceration of five years, with two years determinate, and placed Frakes on probation. In September 2017, the State filed a petition for

probation violation, alleging Frakes violated multiple terms and conditions of his probation. Frakes admitted to violating the terms of his probation, and the district court set a disposition hearing for January 8, 2018. After the disposition hearing was continued, Frakes failed to appear at the hearing, and the district court issued a bench warrant for his arrest on January 29, 2018.

On July 21, 2018, Frakes was arrested for committing a crime in Ada County. Frakes was incarcerated in Ada County from July 21, 2018, to May 6, 2019. Frakes was sentenced in the Ada County case on May 6, 2019, and the court retained jurisdiction. On February 3, 2020, following the period of retained jurisdiction, the court in Ada County placed Frakes on probation. That same day, Frakes was served with the outstanding bench warrant for his Canyon County probation violation and was transferred to Canyon County.

On February 12, 2020, the district court in Canyon County reinstated Frakes' probation, granting Frakes ninety-four days of credit for time served, including eighty-four days served prior to January 29, 2018, and ten days served from February 3, 2020, to February 12, 2020. Frakes filed a Rule 35 motion seeking additional credit for the 561 days he was incarcerated in Ada County prior to being served with the bench warrant. Frakes argued:

> It was indisputably unjust for the Ada County Sheriff to choose not to serve the January 29, 2018 Bench Warrant issued in this matter upon Defendant once he came into the Sheriff's custody on July 21, 2018. Additionally, it is impossible to argue that the Ada County Sheriff did not [k]now about the Bench Warrant nor that they could not have discovered the existence of the Bench Warrant. Reasonably speaking, they could have--and should have--served the Bench Warrant in this matter upon Defendant on July 22, 2018.
> . . . .
> Had the Bench Warrant been served upon Defendant on July 22, 2018, then from that date until February 12, 2020, Defendant would have been entitled to 571 days credit for time served instead of the 10 days credit Defendant was given. Adding to that total the 84 days Defendant served prior to January 29, 2018, then Defendant would be entitled to a total amount of 655 days credit for time served.

The district court concluded it could not grant credit for time predating the service of the bench warrant and denied Frakes' motion, stating:

> [T]he motion is denied. And it's denied because I don't think I have the authority to give him that credit in this case because the warrant was not, in fact, served. I can't make the Ada County Sheriff's Office serve the warrant on him. You know, even if you had filed a motion right away saying, hey, he's not getting credit over here, I just don't believe I have the authority to make them do that.
> And in terms of---you know, like the title of the motion is Motion to Correct Credit for Time Served pursuant to Idaho Criminal Rule 35(c). You have

2

a good argument, [counsel], but I just don't think I have the authority under Rule 35(c) to do what you're asking.

Frakes timely appeals.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Brown*, 163 Idaho 941, 943, 422 P.3d 1147, 1149 (Ct. App. 2018).

## III.

## ANALYSIS

Mindful of the language of Idaho Code § 19-2603, Frakes argues the district court erred by failing to grant him credit for time served while he was in custody for the Ada County offense and could have been served with the bench warrant in this case. In response, the State argues the district court, bound by the statute, correctly concluded it did not have authority to grant credit for time served prior to the service of the bench warrant.

Idaho Code § 19-2603 governs the calculation of credit for time served when a sentence is imposed after a probation revocation. Idaho Code § 19-2603 provides in relevant part:

> The defendant shall receive credit for time served *from the date of service* of a bench warrant issued by the court after a finding of probable cause to believe the defendant has violated a condition of probation, for any time served following an arrest of the defendant pursuant to section 20-227, Idaho Code, and for any time served as a condition of probation under the withheld judgment or suspended sentence.

(Emphasis added.)

Idaho Code § 19-2603 does not provide courts with the discretion to award credit for time served prior to the date the defendant is served with a bench warrant. Frakes does not cite to any controlling authority in support of his argument that the district court had the authority to award Frakes credit for time served prior to being served with the bench warrant. Rather, Frakes asserts that "mindful of the relevant statute's requirement of service of the warrant," he is entitled to credit for time served for his period of incarceration when the Ada County Sheriff's Office could have, but did not, serve him with the outstanding January 2018 warrant. Frakes further asserts

3

that "as a matter of fairness," law enforcement's failure to serve him with the outstanding bench warrant contravenes the purpose of the credit for time served statutes.

In support of his fairness argument, Frakes cites to a dissent from *State v. Barrett*, 163 Idaho 449, 454-55, 414 P.3d 1188, 1193-94 (2018), which disfavored the majority's conclusion that a defendant was not entitled to credit for time served prior to being served with a bench warrant. The dissent in *Barrett* provides no authority or support for Frakes' claim. Moreover, Frakes' claim is inconsistent with the plain language of I.C. § 19-2603. Under I.C. § 19-2603, the district court did not have authority to award Frakes credit for the time he was in custody for a separate offense prior to being served with the bench warrant in this case. Accordingly, Frakes has failed to show that the district court erred by not granting Frakes additional credit for time he was incarcerated prior to being served with the bench warrant.

## IV.
## CONCLUSION

The district court did not have authority to award Frakes credit for time served prior to the date Frakes was served with the bench warrant; thus, the district court did not err in denying the motion for credit for time served. Accordingly, we affirm the district court's denial of Frakes' motion for credit for time served.

Judge GRATTON and Judge LORELLO **CONCUR**.

4