# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44221

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

STERLING GENE BRAND,

    Defendant-Appellant.

_____

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

JOSHUA MICHAEL NALL,

    Defendant-Appellant.

_____

Boise, January 2017 Term

2017 Opinion No. 53

Filed: May 31, 2017

Stephen W. Kenyon, Clerk

_____

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood and Timothy L. Hansen, District Judges.

The orders of the district court are <u>reversed</u>, and these cases are <u>remanded</u> to the district court.

Eric D. Fredericksen, Idaho State Appellate Public Defender, Boise, attorney for appellants. Jenevieve Swinford argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondent. Kenneth K. Jorgensen argued.

_____

BURDICK, Chief Justice.

In this consolidated appeal out of Ada County, we address credit for time served under Idaho Code section 18-309. Sterling G. Brand and Joshua M. Nall each pled guilty to their respective charges while they were already incarcerated due to unrelated charges. Brand and Nall then moved for credit for time served under section 18-309, requesting credit for the time spent

1

incarcerated after being served with the arrest warrants until judgments of conviction were entered, even though they were already incarcerated due to unrelated charges. The district court denied both motions, and the Idaho Court of Appeals affirmed. We granted Brand's and Nall's timely petitions for review, and we now reverse the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A.    *State v. Brand*

On November 4, 2014, while jailed in Ada County on a drug possession charge, Brand was served with an arrest warrant for a grand theft charge. On November 7, 2014, Brand was sentenced to seven years with two years fixed for the drug possession charge. On March 24, 2015, Brand pled guilty to the grand theft charge.

On May 12, 2015, the district court entered a judgment of conviction and commitment on the grand theft charge, sentencing Brand to an aggregate term of fourteen years with two years fixed and with the remaining twelve years to run concurrently with the sentence entered on the drug possession conviction. The district court gave Brand four days' credit for time served. Brand moved for the credit to be increased to 190 days—calculated from when he was served with the grand theft arrest warrant on November 4, 2014, to when judgment for that conviction was entered on May 12, 2015. The district court denied the motion, explaining that "if you are in custody on separate charges and then unrelated charges are filed and you're in custody, you don't get credit for that time because you're not being held on the new charges, you're being held on the original charges." Brand timely appeals.

### B.    *State v. Nall*

On July 23, 2013, while jailed in Ada County on a U.S. Marshals "no bond" hold related to charges in a federal case, Nall was served with an arrest warrant for several state charges, including conspiracy to commit burglary and providing a firearm to a gang member. On August 22, 2013, Nall began serving a thirty-month sentence for the federal charges.

The U.S. Marshals "no bond" hold was converted to a detainer so that the State could pursue its charges against Nall. On February 26, 2014, Nall pled guilty to conspiracy to commit burglary and providing a firearm to a gang member. On June 3, 2014, the district court entered a judgment of conviction and commitment on the state charges, sentencing Nall to an aggregate term of ten years with two years fixed. That sentence was set to run concurrently with Nall's federal sentence. In its judgment of conviction and commitment, the district court noted that "[i]f

2

[Nall] does not receive credit for time served in Federal Custody, then [Nall] shall receive credit for three hundred sixteen (316) days served in prejudgment incarceration as provided by § 18-309, Idaho Code." On July 22, 2014, the State received confirmation from federal authorities that Nall had received credit for time served in federal custody.

On November 3, 2014, the State filed a motion to clarify credit for time served. In that motion, the State pointed out that even though Nall had received credit for time served on his federal sentence, the Idaho Department of Corrections had still awarded credit for time served on his state sentence. As such, the State requested that Nall be awarded "zero (0) days of credit" on his state sentence. On July 16, 2015, the district court granted the State's motion, concluding Nall was not entitled to any credit for time served on his state sentence. Nall timely appeals.

## II. STANDARD OF REVIEW

When addressing a petition for review, this Court will give " 'serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court.' " *State v. Schall*, 157 Idaho 488, 491, 337 P.3d 647, 650 (2014) (quoting *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007)).

## III. ANALYSIS

Idaho Code section 18-309 governs credit for time served. It provides in relevant part as follows:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

I.C. § 18-309(1). This appeal concerns the meaning of the phrase "*if such incarceration was for the offense or an included offense for which the judgment was entered*." *Id.* (emphasis added). The issue to be decided is whether this statutory language authorizes credit for time served where the relevant period of presentence incarceration is both initiated and maintained due to a prior, unrelated offense. This Court exercises free review over statutory interpretation because it is a question of law. *Pocatello v. State*, 145 Idaho 497, 500, 180 P.3d 1048, 1051 (2008). Statutory interpretation begins with the statute's plain language. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). That language "is to be given its plain, obvious and rational meaning." *Id.* If that language is clear and unambiguous, "the Court need merely apply the statute without engaging in any statutory construction." *Id.*

We recently construed section 18-309 in *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015). The defendant in *Owens* pled guilty to eight counts of issuing a check with insufficient funds. *Id.* at 2, 343 P.3d at 31. The district court sentenced him to fifteen months with six months fixed on each of the eight counts, which were set to run consecutively. *Id.* The district court granted him credit for time served under section 18-309, but on just one of the eight counts. *Id.* at 2–3, 343 P.3d at 31–32. The defendant moved for reconsideration of that calculation, arguing he was entitled to credit for time served on each of the eight counts, but his motion was denied. *Id.* at 3, 343 P.3d at 32. The defendant timely appealed to this Court, raising the issue whether section 18-309 authorizes credit for prejudgment time served on each sentence for each count. *Id.* at 3–4, 343 P.3d at 32–33. We concluded it does and explained as follows:

> Idaho Code section 18-309's language plainly gives credit for prejudgment time in custody against each count's sentence. The statute does not limit that credit in any way. First, Idaho Code section 18-309 mandates that a court gives a defendant credit for his time served because the statute states that a person "shall" receive credit. Second, section 18-309 specifies that a person "shall receive credit in the judgment for *any* period of incarceration prior to entry of judgment . . . ." I.C. § 18-309 (emphasis added). The statute continues to provide that a defendant gets the credit only on a requirement that incarceration was for "the offense or an included offense for which the judgment was entered." The statute has a mandatory directive that specifically conditions credit for time served on the fact that the incarceration was for "the offense" for which the judgment was entered. While the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" simply describes the type of incarceration that a defendant gets credit for. This indicates that as long as the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the court gives the defendant that credit. If the legislature had delineated credit for incarceration for "each case" or another description other than "the offense," the outcome would be different.

*Id.* at 4, 343 P.3d at 33. In sum, "[w]e h[e]ld Idaho Code section 18-309's plain language unambiguously states that a defendant receives credit for time served on each of his offenses, whether to be served concurrently or consecutively." *Id.* Accordingly, *Owens* established that credit for time served can accrue on multiple offenses simultaneously.

In this case, the district court held that section 18-309 does not authorize credit for time served where the relevant period of presentence incarceration is both initiated and maintained due to a prior, unrelated offense. In Brand's case, the district court stated that "if you are in custody on separate charges and then unrelated charges are filed and you're in custody, you don't

4

get credit for that time because you're not being held on the new charges, you're being held on the original charges." And in Nall's case, the district court similarly stated "when [Nall] was served with the Ada County arrest warrant in this case, [Nall] was already being detained as a consequence of charges in the federal case. . . . [T]he Ada County warrant had no effect upon [Nall's] liberty when he was already subject to confinement for the federal charges."

Section 18-309's plain language steers us to a different result. The statute mandates credit for "*any* period of incarceration" where "such incarceration was for the offense or an included offense for which the judgment was entered." I.C. § 18-309 (emphasis added). Put another way, section 18-309 entitles Brand and Nall to credit for time served "as long as [their] prejudgment jail time was for 'the offense' [they were] convicted of and sentenced for[.]" *Owens*, 158 Idaho at 4, 343 P.3d at 33. Aside from that requirement, the statute "does not limit that credit in any way." *Id.* Section 18-309 does not limit credit for time served only if, for example, the offense for which the defendant is jailed is that which caused the defendant's initial deprivation of liberty. Rather, section 18-309 applies to all offenses that provide a basis for the defendant's incarceration. It is irrelevant if the defendant's incarceration rests on several, unrelated offenses, as the fact remains that each offense provides a basis for the defendant's incarceration. This principle lends itself to the following two-prong test, which, if satisfied, mandates credit for time served under section 18-309: first, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration. *Cf. Owens*, 158 Idaho at 4, 343 P.3d at 33 (explaining that credit can accrue "towards all . . . counts at the same time").

We articulate four scenarios to provide guidance as to how credit is to be determined:

**Scenario 1:** Defendant is already in custody on unrelated charges. He is served with an arrest warrant which requires defendant to post bail. Defendant does not post bail and remains in custody until sentencing. Defendant is entitled to credit from the date of service of the warrant through the date of sentencing.

**Scenario 2:** Defendant is already in custody on unrelated charges. He is served with an arrest warrant. At his initial appearance later that day, the State persuades the court to release

5

defendant on his own recognizance. Due to the unrelated charges, defendant remains in custody until sentencing. Defendant is entitled to credit for 1 day served.

**Scenario 3:** Defendant is subject to a warrantless arrest. At his initial appearance the next day, bail is set at $500. Defendant posts cash bail the same day, but prior to his release from jail, he is served with a warrant setting bail on an unrelated charge. He remains in custody until sentencing. Defendant is entitled to credit for 2 days served on the warrantless arrest charge.

**Scenario 4:** Defendant is subject to a warrantless arrest. At his initial appearance the next day, bond is set at $500. Defendant obtains a surety bond the same day, but prior to his release from jail, he is served with a warrant setting bail on unrelated charges. After the surety's bail agent learns of the new charge, the bail agent provides the sheriff with a certificate of surrender. Defendant remains in custody until sentencing. Defendant is entitled to credit for 2 days served prior to the posting of the surety bond as well as credit from the day the certificate of surrender was delivered to the sheriff through the date of sentencing on the warrantless arrest charge.

## IV. CONCLUSION

The district court's orders denying Brand and Nall credit for time served are reversed. We remand both cases for the district court to enter the correct credit for time served.

Justices EISMANN and HORTON **CONCUR.**

BRODY, Justice, dissenting.

I respectfully dissent from the opinion of the majority. Idaho Code section 18-309 governs credit for time served:

> (1) In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

I.C. § 18-309. The question raised in this case was whether a party may receive credit for presentence incarceration where that party was already incarcerated due to a prior, unrelated offense.

The Court of Appeals addressed the interpretation of section 18-309 before we granted Brand and Nall's petitions for review. While I understand this Court reviews cases independently of the Court of Appeals, I agree with the Court of Appeals' analysis and could not say things any better. The Court of Appeals held:

The directive of I.C. § 18–309 is mandatory, specifying that a person shall receive credit for prejudgment incarceration. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct.App.1993). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *State v. Moore*, 156 Idaho 17, 21, 319 P.3d 501, 505 (Ct.App.2014). The converse is also true—that the defendant is not entitled to credit under I.C. § 18–309 for any time not actually spent incarcerated before judgment. *Moore*, 156 Idaho at 21, 319 P.3d at 505; see also *State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct.App.1991) (stating that I.C. § 18–309 does not allow the defendant to receive credit for more time than he or she has actually been in confinement). Accordingly, a district court may only give credit for the correct amount of time actually served by the defendant prior to imposition of judgment in the case; the district court does not have discretion to award credit for time served that is either more or less than that. *Moore*, 156 Idaho at 21, 319 P.3d at 505. Thus, the defendant is entitled to credit for time actually served prior to entry of judgment in the case. *Id.*

However, I.C. § 18–309 confers a right to credit only if the presentence incarceration was a consequence of or attributable to the offense for which the sentence is imposed. *State v. Vasquez*, 142 Idaho 67, 68, 122 P.3d 1167, 1168 (Ct.App.2005); *State v. Rodriguez*, 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct.App.1991); *State v. Hale*, 116 Idaho 763, 765, 779 P.2d 438, 440 (Ct.App.1989). Credit is to be given only if the presentence incarceration was caused by the offense for which a sentence is being imposed. *Horn*, 124 Idaho at 850, 865 P.2d at 177. Moreover, when a defendant is charged with a second crime while already incarcerated for a first offense, credit is not authorized if "the pending proceeding has no effect whatever upon a defendant's liberty." *State v. Dorr*, 120 Idaho 441, 443, 816 P.2d 998, 1000 (quoting *State v. Moliga*, 113 Idaho 672, 675, 747 P.2d 81, 84 (Ct.App. 1987). The purpose of I.C. § 18–309 and similar statutes "is to eliminate unequal treatment of indigent prisoners who, because they were unable to post bail, are confined longer than their wealthier counterparts." *Dorr*, 120 Idaho at 443, 816 P.2d at 1000.

*State v. Brand*, No. 43441, 2016 WL 886541, at *2 (Ct.App. Mar. 9, 2016); *see also State v. Nall*, No. 43442, 2016 WL 1008051, at *2 (Ct.App. Mar. 14, 2016).

In the first case, Brand was served the arrest warrant for his grand theft offense while he was already incarcerated for drug possession. In the second case, Nall was in the custody of the U.S. Marshalls on a "no bond" hold related to charges in a federal case. While in federal custody, Nall was served with a state warrant for conspiracy to commit burglary, promoting gang activity, unlawful possession of a firearm, and supplying a firearm to a criminal gang member. Neither Brand nor Nall was incarcerated for the crime for which they requested credit. Neither party was deprived of any freedom in relation to those charges, rather for other charges. Where a party is

already in custody on account of another offense, there is no presentence deprivation of liberty. Accordingly, there is no underlying justification to grant credit for time served.

For these reasons, I respectfully dissent from the opinion of the Court. The orders of the district court should be affirmed.

JONES, Justice, concurs.