BURDICK, C.J., concurring in part and dissenting in part.
I join in the Court's conclusion that the district court's sentencing of Barrett be affirmed. However, I respectfully dissent from the Court's determination that Barrett is not entitled to credit for time served starting from the date he was served with the Hold Notice Request. As discussed below, I agree fully with the Idaho Court of Appeals decision on this matter. Accordingly, I would reverse the district court's order denying credit for time served and instead hold that credit for time served started the day Barrett was served with the Hold Notice Request.
The majority contends Idaho Code section 18-309 is not implicated because the Hold Notice Request did not function to legally or actually incarcerate Barrett. Thus, the majority contends, Barrett is not entitled to credit for time served for the forty-seven days he was incarcerated between the service of the Hold Notice Request and service of the arrest warrant. I disagree. As an initial matter, the majority's approach contravenes the plain language of Section 18-309, as well as our recent decision in State v. Brand , 162 Idaho 189, 192-93, 395 P.3d 809, 812-13 (2017). Section 18-309 unambiguously states that: "[i]n computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered." As we recently stated, "[t]he statute mandates credit for 'any period of incarceration' where 'such incarceration was for the offense or an included offense for which the judgment was entered.' " Brand , 162 Idaho at 192, 395 P.3d at 812 (emphasis added). Put another way, " Idaho Code section 18-309's language plainly gives credit for prejudgment time in custody against each count's sentence. The statute does not limit that credit in any way." State v. Owens , 158 Idaho 1, 4, 343 P.3d 30, 33 (2015).
If it is true that the Hold Notice Request had no effect on Barrett's incarceration, what was the purpose of serving Barrett with the Hold Notice Request? The record shows that while Barrett was incarcerated for the prior offense, the State obtained an arrest warrant for the new charges on June 8, 2015. The warrant was delivered to the Ada County Sherriff on June 9, 2015. Three months later, on September 9, 2015, the arrest warrant was finally served on Barrett, on the same day as his initial appearance. It was during the three month gap from obtaining the warrant to later serving the warrant that the Hold Notice Request was served on and signed by Barrett. This is evidence that this non-judicial document-the Hold Notice Request-was being used in the stead of an arrest warrant. As the Court of Appeals correctly stated,
[t]he State suggests that the Hold Notice Request is only notice of a future intent to arrest Barrett. If that is so, we question what was the point of the Hold Notice Request-ostensibly a simple notice of an intent to arrest-when the arrest warrant had been issued on June 8 and the "notice" served on July 24. One might wonder what the point of actual service on and acknowledgement by Barrett was when the document was simply "notice" of some future intent and why the county used the terms "hold" and "detainer." Barrett has made a sufficient showing, not directly controverted, of actual effect of incarceration in this case to be entitled to credit for time served from the service of the Hold Notice Request to the service of the arrest warrant.
State v. Barrett , No. 43947, --- Idaho ----, ----, --- P.3d ----, ----, 2017 WL 4800125, at *3 (Idaho Ct. App. Oct. 25, 2017).
Allowing the State to issue a "hold" on an incarcerated defendant, such as Barrett, with *1194 a Hold Notice Request provides a work-around to the arrest warrant process, and provides a mechanism to undermine the judicial process required to obtain an arrest warrant. This process, which allows the State to detain a defendant with a Hold Notice Request, as opposed to an arrest warrant, functions to deprive the defendant of credit for time served. This approach contravenes the mandate stated in 18-309 and our prior case law in Owens , 158 Idaho at 4, 343 P.3d at 33, and Brand , 162 Idaho at 192, 395 P.3d at 812. Though Brand involved the issuance of an arrest warrant as opposed to some other document used to incarcerate a defendant, Brand made clear that " section 18-309 entitles [a defendant] to credit for time served 'as long as [their] prejudgment jail time was for "the offense" [they were] convicted of and sentenced for[.]' " Brand , 162 Idaho at 192, 395 P.3d at 812 (quoting Owens , 158 Idaho at 4, 343 P.3d at 33 ). "Aside from that requirement, the statute 'does not limit that credit in any way.' " Id. Thus, although the Brand Court did not consider whether other instruments that serve to incarcerate a defendant should be treated the same as an arrest warrant, its analysis makes clear the Court was concerned that credit should be given for time served when a defendant is held for the crime judgment is ultimately entered on. In addition, this raises the issue as to whether or not compliance with Idaho Criminal Rule 5 is implicated, when the defendant is not taken for an initial appearance with twenty-four hours of being served with a Hold Notice Request.
Moreover, the use of the Hold Notice Request to deprive a defendant of credit for time served fails to abide by the spirit of Section 18-309. The approach condoned by the majority would allow the State to systemically deprive defendants of credit for time served when incarcerated for multiple offenses-the exact issue this Court sought to remedy through our holdings in Owens and Brand . Under the majority's approach, the State is allowed to serve a Hold Notice Request on an incarcerated defendant, subsequently wait for the defendant's initial appearance on the new charges-in this case, a time period of forty-seven days-and then serve the arrest warrant. This process functions to deprive the defendant of credit for time served from the date the Hold Notice Request is issued until the date of the initial appearance. I believe Section 18-309, Owens , and Brand foreclose any argument this procedure should be allowed.
Accordingly, I agree fully with the Court of Appeals that "Barrett has made a sufficient showing, not directly controverted, of actual effect of incarceration in this case to be entitled to credit for time served from the service of the Hold Notice Request to the service of the arrest warrant." Barrett , --- Idaho at ----, --- P.3d at ----, 2017 WL 4800125, at *3. Therefore, I would reverse the district court's order denying Barrett credit for time served.