# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 46693

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, August 2019 Term |
| | ) | |
| v. | ) | Opinion Filed: October 7, 2019 |
| | ) | |
| JESSE A. KEETON, | ) | Karel A. Lehrman, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the District Court of the Sixth Judicial District of the State of Idaho, Bannock County. Stephen S. Dunn, District Judge.

The district court's order is <u>reversed</u> and the case is <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Jenevieve C. Swinford argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

BRODY, Justice.

## I.     NATURE OF THE CASE

Jesse A. Keeton appeals from the Bannock County district court's order denying him credit for time served. In 2018, Keeton was in custody for thirty-two days following his arrest for driving under the influence of alcohol. The district court dismissed the case without prejudice because the State made a charging error. A few weeks later, the State refiled the case, charging Keeton with the same offense but under a different case number. After Keeton was sentenced, he requested credit for time served. The district court denied his request because Keeton did not have a sentence imposed in the dismissed case and he was not incarcerated before judgment was entered in the refiled case. On appeal, Keeton argues that Idaho Code section 18-309, the credit for time served statute, mandates an award of credit when a case involving the same offense is dismissed and later refiled. We agree. The district court's decision is reversed.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Keeton was arrested for driving under the influence of alcohol on January 20, 2018. The State filed a criminal complaint charging Keeton with one felony count of driving under the influence of alcohol, I.C. §§ 18-8004, -8005(6), which requires proof of two prior DUI convictions within the previous ten years. The complaint alleged that Keeton had been convicted of DUI twice prior, on January 17, 2017, and January 4, 2018, just two weeks before the offense at issue. The case was assigned case number CR-2018-925-FE.

During the preliminary hearing, the State offered proof of Keeton's two prior DUIs. The State offered a judgment of conviction dated January 17, 2017, for the first prior DUI and a pretrial stipulation for a plea agreement dated January 4, 2018, for the second prior DUI. The 2017 judgment of conviction was admitted into evidence without objection, but the 2018 stipulation was objected to because "it is not a certified copy of a judgment of conviction" or a guilty plea. Accordingly, Keeton moved to dismiss the felony DUI complaint. The district court subsequently granted Keeton's motion and dismissed the complaint without prejudice.

On May 1, 2018, Keeton pleaded guilty to the second prior DUI. After the plea, the State filed a new criminal complaint charging Keeton, once again, for the January 20, 2018, felony DUI offense. In the new complaint, the State changed the date of the second prior DUI from January 4, 2018, to May 1, 2018, to reflect the date when Keeton pleaded guilty. The case was also assigned a new case number: CR-2018-6092-FE.

On October 1, 2018, Keeton pleaded guilty to the felony DUI offense at issue. At sentencing, Keeton requested credit for the thirty-two days he spent in jail prior to the dismissal of the first criminal complaint for the offense at issue. Keeton argued that under Idaho Code section 18-309 he is entitled to credit for time served because "he was incarcerated for this DUI which occurred on January 20th." Keeton reasoned that "although it's not the same case number, it is the same offense, under Idaho Code Section 18-309, which requires that a person receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense." The district court denied Keeton's request. The court sentenced Keeton to four years of probation and ordered him to serve thirty days in jail with twenty days suspended and ten days to be served at the discretion of the probation officer.

Keeton subsequently filed a Rule 35 motion to reconsider the denial of his request for credit. The district court denied Keeton's motion. The court held that section 18-309 "confers a

right to credit 'if the presentence incarceration was a consequence of or attributable *to the offense for which the sentence is imposed*.' " Keeton did not have a sentence imposed in case number CR-2018-925-FE as it was dismissed, and Keeton was not incarcerated before judgment was entered in case number CR-2018-6092-FE. Therefore, "[a]s there was no time spent on the case in which Keeton had a judgment entered or a sentence imposed (this case), the Court will not grant Keeton's request for credit for time served in his previously dismissed Bannock County case, CR-2018-925-FE." Keeton timely appealed.

## III.    STANDARD OF REVIEW

"The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts." *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019) (quoting *State v. Barrett*, 162 Idaho 449, 451, 414 P.3d 1188, 1190 (2018)).

Additionally, "the interpretation of a statute is a question of law over which this Court exercises free review." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 581, 416 P.3d 951, 953 (2018) (quoting *Regan v. Owen*, 163 Idaho 359, 362, 413 P.3d 759, 762 (2018)).

> Statutory interpretation begins with the statute's plain language. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). That language "is to be given its plain, obvious and rational meaning." *Id*. If that language is clear and unambiguous, "the Court need merely apply the statute without engaging in any statutory construction." *Id*.

*State v. Brand*, 162 Idaho 189, 191, 395 P.3d 809, 811 (2017).

## IV.    ANALYSIS

Keeton contends that the district court erred in denying his request for credit for time served. According to Keeton, the plain language of Idaho Code section 18-309, and this Court's recent interpretation of the statute, "mandate[s] an award of credit for prejudgment incarceration on the same offense in a dismissed but then refiled case." The State argues that the district court was correct in denying Keeton any credit for time served because he served no time in this case and is not entitled to credit for time served in a different case. This appeal presents an issue of first impression: whether Idaho Code section 18-309 mandates an award of credit for time served when a case involving the same offense is dismissed and later refiled. We hold that it does.

Section 18-309 governs credit for time served:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration

3

prior to entry of judgment, *if such incarceration was for the offense or an included offense for which the judgment was entered.* . . .

I.C. § 18-309(1) (emphasis added).

This Court recently interpreted section 18-309—specifically the language emphasized above—in *State v. Owens*, 158 Idaho 1, 343 P.3d 30 (2015) and *State v. Brand*, 162 Idaho 189, 395 P.3d 809 (2017). In *Owens*, the question before the Court was whether section 18-309 gives credit for prejudgment incarceration against each count's sentence. 158 Idaho at 4, 343 P.3d at 33. In that case, the defendant pleaded guilty to eight counts of issuing a check without funds, and the district court sentenced him to fifteen months in prison with six months fixed for each charge, which were to run consecutively. *Id.* at 2, 343 P.3d at 31. The court granted the defendant credit for time served, but only on one of the counts. *Id.* at 3, 343 P.3d at 32. We reversed the district court, holding that section 18-309 mandates an award of credit for time served on each count. *Id.* at 4, 343 P.3d at 32. We explained:

> The statute has a mandatory directive that specifically conditions credit for time served on the fact that the incarceration was for "the offense" for which the judgment was entered. While the word "offense" is singular, the phrase "if such incarceration was for the offense or an included offense for which the judgment was entered" simply describes the type of incarceration that a defendant gets credit for. This indicates that as long as the defendant's prejudgment jail time was for "the offense" the defendant was convicted of and sentenced for, the court gives the defendant that credit. If the legislature had delineated credit for incarceration for "each case" or another description other than "the offense," the outcome would be different.

*Id.*

A couple of years later, we addressed section 18-309 again, but the question before the Court was whether that statute "authorizes credit for time served where the relevant period of presentence incarceration is both initiated and maintained due to a prior, unrelated offense." *Brand*, 162 Idaho at 191, 395 P.3d at 811. *Brand* involved two defendants who were denied credit for time served because they were already incarcerated for an unrelated offense at the time they were served with an arrest warrant for new charges. *Id.* at 190–91, 395 P.3d at 810–11. We held that section 18-309 mandates credit for time served even where the defendant's incarceration rests on several, unrelated offenses. *Id.* at 192, 395 P.3d at 812. We explained:

> The statute mandates credit for "*any* period of incarceration" where "such incarceration was for the offense or an included offense for which the judgment was entered." I.C. § 18-309 (emphasis added). Put another way, section 18-309 entitles Brand and Nall to credit for time served "as long as [their]

4

prejudgment jail time was for 'the offense' [they were] convicted of and sentenced for[.]" *Owens*, 158 Idaho at 4, 343 P.3d at 33. Aside from that requirement, the statute "does not limit that credit in any way." *Id.* Section 18-309 does not limit credit for time served only if, for example, the offense for which the defendant is jailed is that which caused the defendant's initial deprivation of liberty. Rather, section 18-309 applies to all offenses that provide a basis for the defendant's incarceration. It is irrelevant if the defendant's incarceration rests on several, unrelated offenses, as the fact remains that each offense provides a basis for the defendant's incarceration.

*Id.* This Court also created a two-prong test, which, if satisfied, mandates an award of credit for time served: "first, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered; and second . . . the relevant offense must be one that provides a basis for the defendant's incarceration." *Id.* at 192–93, 395 P.3d at 812–13.

In this case, Keeton was in custody for thirty-two days following his January 20, 2018, arrest for felony DUI. After Keeton was released on his own recognizance, the district court dismissed the first complaint without prejudice because Keeton's January 4, 2018, agreement to plead guilty to DUI did not constitute a conviction. Weeks later, after Keeton pleaded guilty to the second prior DUI, the State filed a new complaint charging Keeton with the exact same offense, *i.e.*, a felony DUI based on the January 20, 2018, DUI. The only difference between the original complaint and the new complaint is a correction in the date for the second prior DUI and a new case number, neither of which results in a new offense. We made it clear in both *Owens* and *Brand* that it is "the offense" that section 18-309 focuses on, not the case number associated with "the offense." Keeton cannot be denied credit for time served because of a procedural misstep.

## V.      CONCLUSION

We reverse the district court's order denying Keeton's request for credit for time served and remand the case for the district court to enter an order properly crediting him for his time served.


Chief Justice BURDICK, and Justices BEVAN, STEGNER and MOELLER CONCUR.

5