## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 47575

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: September 15, 2020 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| MARIO A. REYES, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Order denying Idaho Criminal Rule 35(c) motion for credit for time served, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Mario A. Reyes appeals from the district court's order denying his Idaho Criminal Rule 35(c) motion for credit for time served. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In this case, the State arrested Reyes on July 16, 2017, and charged him with domestic battery with traumatic injury, attempted strangulation, aggravated battery, and malicious injury to property. While Reyes was incarcerated on these charges, the State filed a petition for a probation violation in a prior 2015 case. Thereafter, Reyes posted bond in both the 2015 case and this case and was released from jail on August 15, 2017.

1

While out on bail, Reyes allegedly committed additional crimes. Specifically, the State cited Reyes for misdemeanor battery after he got into a physical altercation with an acquaintance, and then the State charged him with intimidating a witness and violating a no contact order after he threatened his wife, the victim in this case. A warrant issued for Reyes's arrest on these new charges; law enforcement arrested Reyes on November 20, 2017; and Reyes was incarcerated on the new charges and also on another probation violation in the 2015 case.

While Reyes was incarcerated on the new charges and the 2015 case, the State moved to revoke Reyes's bond in this case. Reyes, however, opposed that motion, and the district court denied the motion. Nevertheless, Reyes still remained incarcerated in the other cases.

Thereafter, in May 2018, a jury convicted Reyes in this case of domestic battery, attempted strangulation, and aggravated assault. As a result, on September 11, 2018, the district court imposed concurrent sentences of ten years with five years determinate for domestic battery and attempted strangulation and a determinate sentence of five years for aggravated assault. Further, the court gave Reyes credit for time served of thirty-one days for his incarceration from July 16 through August 15, 2017.

Proceeding pro se, Reyes filed a Rule 35(c) motion, arguing the district court should have given him credit for time served from his initial incarceration in this case on July 16, 2017, through the entry of the judgment of conviction on September 11, 2018. The district court denied Reyes's motion. Reyes timely appeals.

## II.

## ANALYSIS

Reyes challenges the district court's denial of his Rule 35(c) motion for failing to give him credit for time served in this case from his arrest on July 16, 2017, until the court entered the judgment of conviction on September 11, 2018. Reyes raises this challenge despite being mindful that he was not incarcerated on any offense from August 15, 2017, until November 20, 2017, and that he was not incarcerated for the offenses in this case between November 20, 2017, and September 11, 2018.

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019). Idaho Code § 18-309(1) governs credit for time served and provides in relevant part:

2

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

The language of I.C. § 18-309 is mandatory and requires the sentencing court to give the appropriate credit for prejudgment incarceration when sentencing a defendant or pursuant to a Rule 35(c) motion for credit for time served. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014).

Under I.C. § 18-309, a defendant is entitled to credit for time served as long as the prejudgment incarceration was for the offense for which the defendant was convicted and sentenced. *State v. Brand*, 162 Idaho 189, 192, 395 P.3d 809, 812 (2017). A two-prong test, if satisfied, mandates credit for time served under I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served [or the warrantless arrest occurred] and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*Brand*, 162 Idaho at 192-93, 395 P.3d at 812-13. A defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before judgment. *State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (stating I.C. § 18-309 does not allow defendant to receive credit for more time than his actual confinement).

Reyes fails to satisfy the two-prong test. As Reyes acknowledges, he was not incarcerated at all from August 15, 2017, until November 20, 2017. Additionally, because Reyes's bail in this case was never revoked, the charges in this case were not the basis for Reyes's incarceration from November 20, 2017, until September 11, 2018. Rather, during that period, Reyes was incarcerated, as he acknowledges, on the new charges and his probation violations in the 2015 case. The only period of time satisfying the two-prong test mandating credit for time served is the thirty-one days from July 16 through August 15, 2017, when Reyes was incarcerated on the charges in this case. Accordingly, the district court did not err by denying Reyes's motion for credit for time served.

## III.

## CONCLUSION

We affirm the district court's order denying Reyes's Rule 35(c) motion.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

3