**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48016**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: May 7, 2021** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| ALEXIS NEVAREZ YBARRA, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Michael P. Tribe, District Judge.

Order denying I.C.R. 35 motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Alexis Nevarez Ybarra appeals from the district court's order denying his I.C.R. 35 motion for credit for time served. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While awaiting sentencing in this case, Ybarra posted bond. Approximately three weeks later, on July 24, 2019, Ybarra was arrested for unrelated charges in another case. On December 3, 2019, the district court entered judgment in this case, sentenced Ybarra, and awarded him 105 days of credit for time served. Ybarra filed a motion for credit for time served, seeking an additional 132 days of credit based on his incarceration from the time of his unrelated arrest on July 24, 2019, until judgment was entered in this case. The district court denied his motion. Ybarra appeals.

1

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Mindful of I.C. § 18-309(1), Ybarra argues the district court erred in denying his motion for credit for time served. The State responds that the district court correctly concluded that Ybarra is not entitled to additional credit for the time spent incarcerated based on an unrelated arrest. We hold that Ybarra has failed to show that the district court erred in denying his motion for credit for time served.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when considering an I.C.R. 35(c) motion for credit for time served, the trial court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). To entitle the defendant to credit for time served, the prejudgment incarceration must be "for the offense or an included offense for which the judgment was entered." I.C. § 18-309(1). A two-pronged test, if satisfied, mandates credit for time served under I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served [or the warrantless arrest occurred] and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*State v. Brand*, 162 Idaho 189, 192-93, 395 P.3d 809, 812-13 (2017).

The district court concluded that Ybarra was not entitled to credit for time served after being arrested in an unrelated case because, having posted bond, he was not being held for the charges in this case. Ybarra has not challenged the district court's factual findings. Because

Ybarra had posted bond in this case, and his bond was not revoked prior to judgment being entered, his incarceration in an unrelated case was not based on the charges in this case. Thus, Ybarra failed to satisfy the second prong of the *Brand* test. Ybarra essentially acknowledges as much by noting he is mindful of both I.C. § 18-309 and the decision in *Brand*. As such, Ybarra has failed to show the district court erred in denying his motion for credit for time served. *See State v. Koivu*, 152 Idaho 511, 518, 272 P.3d 483, 490 (2012) (following principle of stare decisis where there is no showing that the prior decision is manifestly wrong, unwise, or unjust).

## IV.

## CONCLUSION

The district court did not err by denying Ybarra's motion for credit for time spent incarcerated in an unrelated case. Consequently, the district court's order denying Ybarra's motion for credit for time served is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.