# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48055

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

LEVI HUGH EDMISTON,

      Defendant-Appellant.

)
)  **Filed:  September 1, 2021**
)
)  **Melanie Gagnepain, Clerk**
)
)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**
)
)

Appeal from the District Court of the Third Judicial District, State of Idaho, Washington County.  Hon. Susan E. Wiebe, District Judge.

Order denying, in part, Idaho Criminal Rule 35(c) motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Levi Hugh Edmiston appeals the district court's order denying, in part, his motion for credit for time served.  We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2015, the State filed a criminal complaint in Washington County alleging Edmiston had committed burglary, conspiracy to commit burglary, ten counts of grand theft, and two counts of petit theft.  Also on October 29, the magistrate court issued a warrant for Edmiston's arrest on these charges, and on that same day, law enforcement served the warrant on

1

Edmiston. At the time, Edmiston was in custody in the Canyon County Jail on an unrelated matter.[1]

Edmiston eventually pled guilty in this case to burglary and to two counts of grand theft. The State dismissed the remaining charges. The district court sentenced Edmiston to a unified term of ten years with five years determinate on each of the three counts and ordered these sentences to run consecutively and also to run consecutively with Edmiston's sentences in two Canyon County cases. The court, however, retained jurisdiction. After a period of retained jurisdiction, the court placed Edmiston on probation on November 10, 2016. Approximately six weeks later, however, law enforcement arrested Edmiston in Payette County on new, unrelated charges.

On January 12, 2017, Edmiston failed to appear for a probation review hearing in this case. As a result, the district court issued a bench warrant for his arrest. Additionally, about the same time, the State charged Edmiston with various probation violations in this case. After law enforcement served the arrest warrant on Edmiston on May 17, 2017, and after the court held an evidentiary hearing on the probation violation charges, the court revoked Edmiston's probation on June 19, 2017, and imposed the previously suspended sentences.

Subsequently, Edmiston filed a motion under Idaho Criminal Rule 35(b) for a reduced sentence. Specifically, Edmiston requested that the district court reinstate his probation to allow him to participate in a recovery program or, alternatively, to amend his sentences in this case to run concurrently instead of consecutively. The court granted Edmiston's alternative request and reduced his sentences to run concurrently.

Later, Edmiston, proceeding pro se, filed a motion for credit for time served under Rule 35(c). The district court granted Edmiston's motion, ordering 412 days of credit for time served. Edmiston filed a second Rule 35(c) motion requesting credit for time served "for all local, county[,] and state time served in conjunction with this charge." Addressing this motion, the court noted it previously did not have "the correct arrest dates" and granted Edmiston's

---

[1]     The appellate record is unclear exactly when Canyon County took Edmiston into custody. In his opening brief, Edmiston asserts this custody began August 15, 2015. An arrest report in the record, however, indicates he was arrested in Canyon County on August 13, but a case history indicates the warrant in that case was returned on August 14. Regardless, Edmiston contends he was in Canyon County's custody for seventy-four days from August 15 until October 29, when the arrest warrant in this case was served.

2

motion, ordering 413 days of credit for time served. Specifically, the court granted 379 days of credit for time served from October 29, 2015, the date that law enforcement served Edmiston with the original arrest warrant in this case, until November 10, 2016, when the court placed Edmiston on probation. Additionally, the court granted thirty-four days of credit for time served from May 17, 2017, when Edmiston was served with the arrest warrant for failing to appear at the probation review hearing, until June 19, 2017, when the court revoked his probation and executed the previously suspended sentences. Edmiston timely appeals this order.

## II.

## ANALYSIS

Edmiston challenges the district court's order for failing to give him credit for time served for seventy-four days during which Edmiston was in the Canyon County Jail before law enforcement served him with the original arrest warrant in this case on October 29, 2015, and for 125 days during which Edmiston was in the Payette County Jail between January 12, 2017, the date of the arrest warrant for his failure to appear at the probation review hearing, until law enforcement served that warrant on May 17, 2017. Edmiston raises these challenges despite being "mindful" that the appellate record lacks the requisite documentation to support his claims or to demonstrate clear error by the district court.

Idaho Criminal Rule 35(c) provides that "a motion to correct a court's computation of credit for time served, granted pursuant to Idaho Code § 18-309 or 19-2603, may be made at any time." Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019). Idaho Code § 18-309(1) governs credit for time served prior to entry of a judgment and provides in relevant part:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered.

The language of I.C. § 18-309 is mandatory and requires the sentencing court to give the appropriate credit for prejudgment incarceration when sentencing a defendant or pursuant to a Rule 35(c) motion for credit for time served. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014).

3

Under I.C. § 18-309, a defendant is entitled to credit for time served as long as the prejudgment incarceration was for the offense for which the defendant was convicted and sentenced. *State v. Brand*, 162 Idaho 189, 192, 395 P.3d 809, 812 (2017). A two-pronged test, if satisfied, mandates credit for time served under I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served [or the warrantless arrest occurred] and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*Brand*, 162 Idaho at 192-93, 395 P.3d at 812-13. If a defendant is in custody on another matter, then credit for time served begins to accrue for a specific case when the warrant associated with that case is served. *Id.* at 193, 395 P.3d at 813. A defendant is not entitled to credit under I.C. § 18-309 for any time not actually spent incarcerated before the court enters a judgment. *State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991).

In this case, the district court did not err by refusing to grant Edmiston pre-judgment credit for the seventy-four days during which he was incarcerated in Canyon County before October 29, 2015. As Edmiston concedes on appeal, he was not served with the original arrest warrant in this case until October 29. Accordingly, Edmiston is not entitled to any credit for time served before service of that warrant.

Additionally, the district court did not err by refusing to grant Edmiston credit for the 125 days he spent in the Payette County Jail between the issuance of the arrest warrant on January 12, 2017, for his failure to appear at the probation review hearing and the service of that warrant on May 17, 2017. In support of his assertion that he is entitled to credit for this period of time, Edmiston contends that a Payette County booking report shows a "hold" was placed for the warrant likely before May 17, 2017, and possibly as early as January 12. The document on which Edmiston relies to assert a "hold" was placed for the arrest warrant, however, does not indicate any such "hold" actually occurred. Further, as Edmiston acknowledges on appeal, nothing in the record established the date of any such "hold." Accordingly, Edmiston is not entitled to any credit for time served between the issuance of the arrest warrant issued on January 12, 2017, and the service of that warrant.

### III.

### CONCLUSION

We affirm the district court's order denying, in part, Edmiston's Rule 35(c) motion for credit for time served.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.