**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50105**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 27, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| CLARENCE HUGH MEEK, III, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Order denying I.C.R. 35 motion for credit for time served, <u>affirmed</u>.

Clarence H. Meek, III, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Clarence Hugh Meek, III, appeals from the district court's order denying his Idaho Criminal Rule 35(c) motion for credit for time served. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2017, Meek was arrested for burglary, Idaho Code § 18-1401; and grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b)(1), 18-2409. In November 2017, Meek posted bail which was never revoked. In January 2018,[1] Meek was arrested on a warrant stemming from criminal charges in a separate case. In October 2018, pursuant to a plea agreement, the district court entered

_____

[1] According to Twin Falls County Sheriff's Office booking report, the correct arrest date under CR42-18-0200 was January 3, 2018. The exact date of the arrest does not affect the district court's analysis or decision.

1

judgment in this case and imposed a unified sentence of fourteen years with eight years determinate to run concurrently with unrelated sentences.[2]

Meek filed a pro se Rule 35 motion, arguing that he should be credited an additional 275 days for the time that he was incarcerated from January through October 2018. The district court denied the motion, finding that Meek was "out of custody" after posting bail for the charges in this case. Meek timely appeals.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Meek argues the district court erred in denying his Rule 35(c) motion for credit for time served from January to October 2018. The district court held that Meek was not entitled to credit for the time served under I.C. § 18-309(1), which provides:

> In computing the term of imprisonment, the person against whom the judgment was entered shall receive credit in the judgment for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. The remainder of the term commences upon the pronouncement of sentence and if thereafter, during such term, the defendant by any legal means is temporarily released from such imprisonment and subsequently returned thereto, the time during which he was at large must not be computed as part of such term.

The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when hearing a Rule 35(c) motion for credit for time served, the district court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). This means that the defendant is entitled to credit for all time spent incarcerated before judgment. *Id.* at 21, 319 P.3d at 505. The converse is also true--that the defendant is not entitled to credit for any time not actually spent incarcerated before

---

[2] The burglary charge in this case was dismissed pursuant to the plea agreement.

judgment. *Id.*; *see also State v. Hernandez*, 120 Idaho 785, 792, 820 P.2d 380, 387 (Ct. App. 1991) (I.C. § 18-309 does not allow defendant to receive credit for more time than he or she has actually been in confinement). The statute only provides a defendant credit if the incarceration was for "the offense or an included offense for which the judgment was entered." *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015).

The Idaho Supreme Court set forth a two-prong test which, if satisfied, mandates credit for time served under I.C. § 18-309. *State v. Brand*, 162 Idaho 189, 192-93, 395 P.3d 809, 812-13 (2017). First, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served and the judgment of conviction was entered. *Id.* Second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration. *Id.*

Meek's claim that he is entitled to the additional credit for time served is without merit. Meek is only entitled to receive credit for time served under I.C. § 18-309 if the incarceration was for the offense or included offense for which the judgment was entered. Meek was incarcerated between January and October 2018 for a separate offense and, during that time, was "out of custody" in this case having previously posted bail. The district court correctly found that Meek was not entitled to credit for the time served because Meek was not incarcerated for the charges in this case during the time he claims he is entitled to additional credit. The district court did not err in denying Meek's Rule 35 motion for credit for time served.

## IV.

## CONCLUSION

The district court did not err in denying Meek's motion for additional credit for time served. The district court's order denying Meek's Rule 35(c) motion is affirmed.

Chief Judge LORELLO and Judge BRAILSFORD **CONCUR**.