# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52107

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 13, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JESSICA JO WEST-DONEY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jessica Jo West-Doney appeals from an order denying her motion for credit for time served. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

West-Doney was served with an arrest warrant on July 14, 2020, for an incident which occurred earlier that year. Based on allegations that West-Doney had stolen various items from a residence, the State charged her with attempted grand theft, five counts of grand theft, burglary, and malicious injury to property. West-Doney pled guilty and was sentenced on December 16, 2020, to an aggregate unified term of fourteen years, with a minimum period of confinement of

1

five years. The district court granted West-Doney 156 days of credit for the time she served between the date of her arrest and the date of sentencing.

West-Doney appealed her judgment of conviction and sentences, which were affirmed by this Court in an unpublished opinion. *State v. West-Doney*, Docket No. 48546 (Ct. App. Sept. 24, 2021). West-Doney filed a motion for credit for time served, alleging she was entitled to an additional 47 days served between May 28, 2020 (the date on which she admitted to the underlying crimes when interviewed by the police while she was in jail) and July 14, 2020 (the date on which she was served with the arrest warrant). The district court denied the motion. West-Doney appeals.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016); *State v. Vasquez*, 142 Idaho 67, 68, 112 P.3d 1167, 1168 (Ct. App. 2005). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

"Mindful that the period for calculating credit for time served begins on the date the arrest warrant was served," West-Doney argues that she should be given credit for an additional 47 days, which was the number of days between the date she admitted to committing the underlying crimes until she was arrested. The State responds that the district court correctly concluded that West-Doney is not entitled to additional credit. We hold that West-Doney has failed to show that the district court erred denying her motion for additional credit for time served.

Credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when considering an I.C.R. 35(c) motion for credit for time served, the trial court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). To entitle the defendant to credit for time served, the prejudgment incarceration must be

2

"for the offense or an included offense for which the judgment was entered." I.C. § 18-309(1). A two-pronged test, if satisfied, mandates credit for time served under I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served [or the warrantless arrest occurred] and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*State v. Brand*, 162 Idaho 189, 192-93, 395 P.3d 809, 812-13 (2017).

The district court concluded that West-Doney was entitled to credit for her incarceration between the date she was served with the arrest warrant and her sentencing for that offense. The district court found that West-Doney was served with the arrest warrant on July 14, 2020, and remained incarcerated until she was sentenced on that offense on December 16, 2020. Consequently, the district court granted West-Doney credit for 156 days served.

West-Doney does not challenge the district court's calculation of the 156 days of credit she received. Instead, West-Doney argues that she is entitled to 47 days of additional credit for time served from the date she admitted to police that she committed the crimes until she was served with the arrest warrant. As West-Doney acknowledges, her claim is inconsistent with the plain language of I.C. § 18-309 and *Brand*. Accordingly, West-Doney has failed to show the district court erred in denying her motion for credit for time served.

## IV.

## CONCLUSION

The district court did not err in its calculation of West-Doney's credit for time served. Consequently, the district court's order denying West-Doney's motion for credit for time served is affirmed.

Chief Judge TRIBE and Judge HUSKEY, **CONCUR**.

3