**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 52241**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
|  | ) **Filed: March 17, 2026** |
| Plaintiff-Respondent, | ) |
|  | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
|  | ) **THIS IS AN UNPUBLISHED** |
| JESSICA JO WEST-DONEY, | ) **OPINION AND SHALL NOT** |
|  | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
|  | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order denying motion for credit for time served, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Neil Paterson, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

Jessica Jo West-Doney appeals from an order denying her motion for credit for time served. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

West-Doney was arrested and charged with two counts of felony burglary in April 2020. The day after her arrest, the district court ordered that West-Doney be released on her own recognizance. West-Doney pled guilty to one count of burglary (Idaho Code § 18-1401). The district court sentenced West-Doney to a unified term of six years, with a minimum period of confinement of one year. The district court granted West-Doney two days credit for time served.

In May 2024, West-Doney filed a motion for credit for time served, alleging that she was entitled to 255 days of credit for time served between April 5, 2020, (the date of her arrest) and

December 16, 2020 (the date she was sentenced). The State objected. The district court denied West-Doney's motion. West-Doney appeals.

## II.

## STANDARD OF REVIEW

The question of whether a sentencing court has properly awarded credit for time served to the facts of a particular case is a question of law, which is subject to free review by the appellate courts. *State v. Taylor*, 160 Idaho 381, 384-85, 373 P.3d 699, 702-03 (2016). We defer to the trial court's findings of fact unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous. *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

"Mindful that there is no evidence in the record to demonstrate that she is entitled to additional credit," West-Doney argues that she should be given credit for 255 days--between April 5, 2020, and December 16, 2020. The State responds that the district court correctly concluded that West-Doney is not entitled to additional credit. We hold that West-Doney has failed to show that the district court erred by denying her motion.

The awarding of credit for time served is governed by I.C. § 18-309. The language of I.C. § 18-309 is mandatory and requires that, in sentencing a criminal defendant or when considering an I.C.R. 35(c) motion for credit for time served, the trial court give the appropriate credit for prejudgment incarceration. *State v. Moore*, 156 Idaho 17, 20-21, 319 P.3d 501, 504-05 (Ct. App. 2014). To entitle the defendant to credit for time served, the prejudgment incarceration must be "for the offense or an included offense for which the judgment was entered." I.C. § 18-309(1). A two-pronged test, if satisfied, mandates credit for time served under I.C. § 18-309:

> [F]irst, the defendant must have been incarcerated during the intervening period from when the arrest warrant was served [or the warrantless arrest occurred] and the judgment of conviction was entered; and second, putting aside any alternative reason for the defendant's incarceration, the relevant offense must be one that provides a basis for the defendant's incarceration.

*State v. Brand*, 162 Idaho 189, 192-93, 395 P.3d 809, 812-13 (2017) (internal citations omitted).

The district court concluded that West-Doney was entitled to credit for the period of incarceration attributable to the burglary charge in this case. The district court found that

West-Doney was arrested on April 5, 2020, and released from jail on her own recognizance the following day. Accordingly, the district court awarded West-Doney two days credit for time served.

West-Doney does not challenge the district court's calculation of the two days credit she received. Instead, she argues that she is entitled to 255 days of credit for time served between April 5, 2020, and December 16, 2020. Although West-Doney remained in custody after her release in this case, she has not shown that any additional period of incarceration was attributable to the burglary charge for which judgment was entered in this case. Because her continued custody was not attributable to this case, West-Doney's claim is inconsistent with the plain language of I.C. § 18-309 and *Brand*.

## IV.
## CONCLUSION

The district court did not err in its calculation of West-Doney's credit for time served. Consequently, the district court's order denying West-Doney's motion for credit for time served is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.