**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44711**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Opinion No. 33** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 28, 2017** |
| | ) | |
| v. | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **JAMES DEAN HOGAN,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order denying motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

On December 12, 2005, while on probation for an unrelated Cassia County conviction, James Dean Hogan was convicted in this Twin Falls County case for felony injury to a child. The district court in Twin Falls County imposed a unified sentence of ten years with five years determinate, suspended the sentence, and placed Hogan on supervised probation for five years. On December 15, 2005, Hogan's probation in the Cassia County case was revoked and his underlying sentence executed. Hogan remained on supervised probation in the Twin Falls case throughout the period of time that he was incarcerated for the Cassia County case (being paroled in the Cassia County case on February 19, 2009).

1

In 2010, Hogan violated his probation in the Twin Falls case and the district court extended Hogan's period of probation for two years beginning on July 6, 2010. Hogan subsequently violated his probation a second time and the district court revoked Hogan's probation, executed the underlying sentence, and retained jurisdiction on December 13, 2011. Following the period of retained jurisdiction, the district court relinquished jurisdiction. Hogan filed a motion for credit for time served (over four years later), requesting credit for the time he was incarcerated for the Cassia County case while he was on probation in the Twin Falls County case. The district court denied the motion. Hogan appeals, asserting that the district court erred by denying his motion for credit for time served.

In computing a term of imprisonment, the defendant shall receive credit for any period of incarceration prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered. Idaho Code § 18-309(1). Because the incarceration for which Hogan seeks credit was not attributable to the charges or conduct in the instant offense, the district court did not err in refusing to give Hogan credit in the Twin Falls case for time served in the unrelated Cassia County case.

We note that this case is distinguishable from the recent consolidated Supreme Court decision in *State v. Brand*, ____ Idaho ____, ____ P.3d ____ (May 31, 2017). In that case, each defendant had been incarcerated on an unrelated matter. While incarcerated, each defendant was served with an arrest warrant in the instant matter. The Supreme Court determined that even though the defendants had initially been incarcerated on the unrelated matter, after service of the arrest warrant, they were entitled to credit for time served in the instant case. In our present case, Hogan acknowledges that, while he was incarcerated in the unrelated case, he was never incarcerated or served with an arrest warrant in this case. During the time for which Hogan sought credit he was solely incarcerated in the unrelated case and throughout that time on probation in this case. Thus, he served no time (nor was under an arrest warrant) for which any credit was due.

Therefore, the district court's order denying Hogan's motion for credit for time served is affirmed.