# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48031

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: October 5, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA INES HERNANDEZ, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas W. Whitney, District Judge.

Order denying Idaho Criminal Rule 35(c) motion for credit for time served, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

BRAILSFORD, Judge

Joshua Ines Hernandez appeals from the district court's order denying his Idaho Criminal Rule 35(c) motion for credit for time served. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2016, Hernandez pled guilty in this case to domestic battery and attempted strangulation in Canyon County, and the district court imposed a unified sentence of ten years with four years determinate and retained jurisdiction. After Hernandez successfully completed a rider, the court released him on probation. Thereafter, however, Hernandez was arrested four more times and eventually released on probation each time.

1

Only Hernandez's third arrest after the district court entered the judgment of conviction in this case is relevant to the issue Hernandez raises on appeal. That arrest occurred in January 2019, when law enforcement arrested Hernandez in Ada County for possession of heroin, possession of drug paraphernalia, and trespass with property damage. As a result of these new charges, the district court in this case issued an arrest warrant for Hernandez's probation violations. This warrant, however, was not served on Hernandez until May 17, at which time he was still incarcerated in Ada County. Following his January arrest in Ada County, Hernandez remained incarcerated until September 13 when he was again released on probation.

When Hernandez was arrested a fifth time, the district court revoked probation, reduced the sentence to a unified term of ten years with three years determinate, and executed that sentence. The court also gave Hernandez 796 days of credit for time served on the sentence during his four periods of incarceration after his judgment of conviction in this case. Thereafter, Hernandez filed a Rule 35(c) motion to correct the court's computation of credit for time served. In support of this motion, Hernandez provided only a bullet point listing of his arrest dates, his release dates, and the number of days he asserted he had served on his sentence in this case during each period of incarceration. Based on this listing, Hernandez identified a total number of 909 days served in this case. Hernandez, however, did not provide any argument, identify any supporting documentation, or cite any supporting authority other the Rule 35(c).

The district court issued a written decision denying Hernandez's motion. The court noted that the only discrepancy between its computation of credit for time served and Hernandez's computation related to his incarceration in Ada County from January 23 until September 13, 2019. Hernandez asserted he was entitled to credit for time served for this entire period--234 days. The court, however, rejected this assertion. In doing so, it relied on Idaho Code § 18-309, which provides for credit for time served on an offense before the court enters a judgment of conviction, and *State v. Brand*, 162 Idaho 189, 395 P.3d 809 (2017), which interprets I.C. § 18-309 and provides a defendant is entitled to credit for time served after an arrest warrant is served until the judgment of conviction is entered, as long as the relevant offense provides a basis for the incarceration. *Brand*, 162 Idaho at 192-93, 395 P.3d at 812-13.

Regarding Hernandez's incarceration during the time at issue--from January 23 until September 13, 2019--the district court found that "the record reflects [Hernandez] was arrested in Ada County on [January 23] for reasons unrelated to this case"; "a bench warrant . . . was served

2

on [Hernandez] on [May 17]"; and "[b]ecause [Hernandez] was not served with the bench warrant in this case until [May 17], [the warrant] did not serve as a basis for his incarceration until [May 17]." Accordingly, the court concluded its computation of 120 days of credit for time served--from the May 17 service of the arrest warrant until Hernandez's release on September 13--was correct, and it denied Hernandez's motion. Hernandez timely appeals.

## II.

## STANDARD OF REVIEW

Whether a sentencing court has properly awarded credit for time served is a question of law subject to free review. *State v. Gonzalez*, 165 Idaho 95, 97, 439 P.3d 1267, 1269 (2019). We defer to the trial court's findings of fact "unless those findings are unsupported by substantial and competent evidence in the record and are therefore clearly erroneous." *State v. Covert*, 143 Idaho 169, 170, 139 P.3d 771, 772 (Ct. App. 2006).

## III.

## ANALYSIS

Hernandez argues the district court erred in denying him credit for time served between January 23 and May 17, 2019, when he was incarcerated in Ada County. Rule 35(c) provides that "a motion to correct a court's computation of credit for time served, granted pursuant to [I.C. §] 18-309 or 19-2603, may be made at any time." Idaho Code § 19-2603 is the authority which provides a defendant with credit for time served on a sentence when he is arrested while on probation. It provides in relevant part that "the defendant shall receive credit . . . for any time served following an arrest of the defendant pursuant to [I.C. § 20-227]." In turn, I.C. § 20-227(1) authorizes a probation officer to arrest a probationer for a probation violation pursuant to an agent's warrant, which is a probation officer's written statement setting forth the probationer's probation violations.

On appeal, Hernandez contends the record reveals that from January 23 until May 17, 2019, he was held in Ada County on an agent's warrant for the probation violations in this case. In support, Hernandez relies on two documents. First, he identifies a Report of Probation Violation (Report), dated January 23, 2019, which requests the district court in this case to issue a bench warrant "to replace the Agent's Warrant issued on 01/22/2019." Second, Hernandez identifies a Notice of Arrest (Notice) from the Ada County clerk filed with the district court in Canyon County advising that "your probationer was arrested" in Ada County on January 23 and

3

seen in court on that day.[1]  According to Hernandez, these documents establish that he was "held in Ada County Jail on the agent's warrant issued by his probation officer between January 23rd and May 17th."

The State concedes that, if Hernandez were arrested on January 23 pursuant to an agent's warrant for probation violations in this case, then he would be entitled to credit for time served from that day.  Further, it notes "the coincidental timing around the January 22 issuance and the January 23 arrest at least *implies* that [the] arrest could have been based on the agent's warrant." It contends, however, that the district court did not clearly err by denying Hernandez's motion because the Report only indicates the agent's warrant was "issued" and does not indicate Hernandez was actually arrested on the agent's warrant.  Further, the Notice does not state the reason for the arrest; the returned agent's warrant is not in the record; and nothing else in the record indicates the agent's warrant was ever actually served on Hernandez.

We agree with the State.  While the record suggests Hernandez may be entitled to credit for time served between his January 2019 arrest in Ada County and the service of the arrest warrant on May 17, Hernandez failed to establish that the agent's warrant was served on him and the exact date when that occurred.  *Cf. Brand*, 162 Idaho at 193, 395 P.3d at 813 (noting service of arrest warrant triggers accrual of credit for time served); *State v. Hogan*, 162 Idaho 524, 525, 399 P.3d 851, 852 (Ct. App. 2017) (same).  Accordingly, we hold that the district court did not err by denying Hernandez's Rule 35(c) motion.  This holding, however, does not preclude Hernandez from renewing his motion to seek credit for time served between January and May 2019, and providing the court with his argument, supporting authorities, and applicable record.[2] Rule 35(c) allows that such a motion "may be filed at any time."

---

[1]     The police report in the appellate record indicates that Hernandez was arrested on January 19 for the conduct that gave rise to the new charges in Ada County.

[2]     Indeed, Hernandez indicates in his opening brief that he reserves the right to file a renewed Rule 35(c) motion.  The reason for this reservation is that Hernandez contends he is also entitled to credit for time served from November 13, 2017, until January 5, 2018, but he acknowledges he failed to raise this issue before the district court and, thus, cannot raise it in this appeal.

4

## IV.
## CONCLUSION

The district court did not err in denying Hernandez's Rule 35(c) motion. Accordingly, we affirm the court's order.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.